[No. A068115. First Dist., Div. Two. Feb. 16, 1996.]

JORGE MARQUEZ, Plaintiff and Appellant, v.
MAINFRAME et al., Defendants and Respondents.

## COUNSEL

DuRard, Gangemi & McKenna, Robert L. DuRard and Robert J. Glynn for Plaintiff and Appellant.

Michel & Manning, Peter J. Johnson, Patricia M. McGarty, M. Blair Ogden and Audrey D. Bojack for Defendants and Respondents.

## OPINION

**SMITH, J.**—Plaintiff Jorge Marquez, a private security guard who slipped and fell while patrolling a building leased, operated and maintained by defendants Visa International and Visa USA (collectively Visa) and Mainframe, appeals from a summary judgment granted in defendants' favor.[1] The trial court ruled that plaintiff's claim for personal injury was barred by "primary assumption of the risk" as defined in the California Supreme Court case of *Knight* v. *Jewett* (1992) 3 Cal.4th 296 [11 Cal.Rptr.2d 2, 834 P.2d 696] (*Knight*). We disagree and will reverse.

### BACKGROUND

We summarize the undisputed facts as set forth in the summary judgment papers. On September 21, 1992, plaintiff was making his rounds while patrolling a building leased and occupied by defendant Visa in the course of

---

[1] Defendant "Interland" was named in the complaint as the owner of the building. However, it did not move for summary judgment and it is not a party to this appeal.

his employment as a security guard for Pinkerton Security. Plaintiff's duties included patrolling the parking area and internal floors, responding to alarms, providing escorts for Visa personnel, and assisting in fire emergencies. Part of his duties included looking for any safety hazards and reporting them so that the maintenance crew could take remedial action.

On the night in question, plaintiff was making a round toward the end of his shift and engaging in part of his normal routine, which would be to turn on the lights in the generator room and inspect it. Plaintiff opened the door to the darkened room, took two steps forward and lost his footing, falling to the ground. He got to his feet, turned on the light and noticed that the floor of the generator room had a small puddle of standing water, which was streaked out in several directions. There was evidence that the water came from condenser water pipes in the "chiller plant" which operates 24 hours a day in the generator room. There was also evidence that Visa had prior notice of standing water in the room, presenting a safety problem. Defendant Mainframe had contracted with Visa to provide maintenance services for the room, which services included occasionally mopping the floor.

Plaintiff filed a complaint for personal injuries suffered as the result of his slip and fall, based on negligence and premises liability of the defendants. Visa and Mainframe each moved for summary judgment on the ground that plaintiff's cause of action was barred by the doctrine of primary assumption of the risk and the firefighter's rule as articulated by the California Supreme Court in *Knight*.

Finding that plaintiff's job responsibilities included "looking for and reporting safety hazards such as the water on the floor in this case," the trial court found that plaintiff's claim was barred by *Knight* and granted the motions. This appeal ensues.

## APPEAL

A defendant may show entitlement to summary judgment either by showing one or more elements of each cause of action cannot be established, or by establishing an affirmative defense. (Code Civ. Proc., § 437c, subd. (n).)

■ "[T]here is no discretion to be exercised by a trial court in considering a motion for summary judgment. . . ." (*Saldana* v. *Globe-Weis Systems Co.* (1991) 233 Cal.App.3d 1505, 1515 [285 Cal.Rptr. 385].) Accordingly, on appeal of a summary judgment the proper standard is independent review—we examine the facts as presented to the trial court on a summary judgment motion and independently determine their effect as a

matter of law. (*Donchin* v. *Guerrero* (1994) 34 Cal.App.4th 1832, 1837 [41 Cal.Rptr.2d 192]; *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].)

In *Knight*, the California Supreme Court announced abolition of the concept of secondary or implied assumption of the risk—i.e., that branch of the doctrine which had held that plaintiff impliedly agreed to relieve defendant from liability despite the existence of a duty of care due to a *subjective* appreciation of the hazard involved in the activity. That concept was instead merged into comparative negligence, to be weighed among all the facts and circumstances and compared against the duty which defendant owed to plaintiff. (*Knight, supra*, 3 Cal.4th 296, 311-315.)

Left intact as an affirmative defense, however, was the doctrine of primary assumption of the risk wherein, due to the nature of the activity and the relationship of the parties, the court concludes that the defendant's ordinary duty of care is negated. The example of this principle upheld in *Knight* was a touch football game in which one of the participants was injured through another participant's negligence. (3 Cal.4th at pp. 315-321.)

Another variant of primary assumption of the risk to which *Knight* refers is the "firefighter's rule" which holds that one who negligently starts a fire owes no duty to those whose very occupation requires them to confront such dangers. (3 Cal.4th at pp. 309-310.) In this case, summary judgment was granted on the ground that defendants owed no duty of care to plaintiff due to the doctrine of *primary* assumption of the risk as set forth in *Knight*. More specifically, the court was persuaded that a firefighter's rule applied in this situation, since one of plaintiff's job duties was to find and report safety hazards such as the spill which caused his injury.

In *Neighbarger* v. *Irwin Industries, Inc.* (1994) 8 Cal.4th 532 [34 Cal.Rptr.2d 630, 882 P.2d 347] (*Neighbarger*), however, the California Supreme Court makes clear that the firefighter's rule is not a simplistic prescription that forecloses careful analysis of the policy reasons undergirding this type of immunity from liability.

*Neighbarger* involved two private on-duty industrial safety officers who were injured in a petroleum explosion negligently caused by one of the defendant's employees. The Court of Appeal held that recovery was barred because private safety officers assume the risk of injury when responding to such emergencies, but the Supreme Court reversed.

The court first emphasized that any analysis of the firefighter's rule begins with the general principle that everyone has a duty of care to avoid injuring

others. (*Neighbarger, supra*, 8 Cal.4th 532, 536; Civ. Code, § 1714, subd. (a).) This duty extends even to those who undertake hazardous work and abates only when, due to the nature of the activity and relationship of the parties, the court concludes that the defendant owes no duty of care. (8 Cal.4th at pp. 536-538, citing *Knight, supra*, 3 Cal.4th 296, 313-315.)

After cautioning that "[t]he firefighter's rule should not be viewed as a separate concept, but as an example of the proper application of the doctrine of assumption of risk, that is, an illustration of when it is appropriate to find that the defendant owes no duty of care" (8 Cal.4th at p. 538) Justice Mosk, writing for a unanimous court, reviewed several policy factors supporting such a decision in the case of the firefighter: (1) the "fairness" concept that firefighters should not be heard to complain of the very conduct which makes their employment necessary; (2) the economic reality that firefighters receive special compensation by the public for their work reflecting the hazards of their employment, and its corollary that the taxpayers have already paid once to highly compensate the firefighter and should not be forced to pay a second time through individual liability; and (3) a fear that abolishing the rule would generate pointless litigation over the rights of indemnification among the employer, the retirement system and the defendant's insurer. (*Neighbarger, supra*, 8 Cal.4th at pp. 540-543.)

Applying these factors, Justice Mosk concluded that the rule should *not* be extended to private safety employees: unlike public employees, they do not receive special pay, compensation or benefits for hazardous work. In addition, a negligent third party, unlike the public, has no special relationship with the employee which would warrant relaxation of the usual duty of care.[2] Finally, the plaintiffs were not on the scene to either assure defendants' safety or prevent their activity from causing a fire. Because the key policy goals underlying the firefighter's rule were absent in the case of private safety officers, primary assumption of the risk did not apply. (*Neighbarger, supra*, 8 Cal.4th at pp. 543-547.)

 Following the path of analysis blazed for us in *Neighbarger*, we start with the general principle that an owner or occupier of property such as Visa owes a duty of reasonable care to maintain the premises in a safe condition. (Civ. Code, § 1714; *Donohue* v. *San Francisco Housing Authority*

---

[2]The relationship factor, according to *Neighbarger*, also explains the justification for the judicially developed "veterinarian's rule," relieving the dog owner from liability for injury when the dog bites the veterinarian in the course of treatment, even though the latter may not be a public employee. (8 Cal.4th 532, 545; see *Cohen* v. *McIntyre* (1993) 16 Cal.App.4th 650 [20 Cal.Rptr.2d 143].) By contracting for the services of the veterinarian, plaintiff dog owner stands in a special position with respect to the veterinarian, who receives special training and compensation for the hazardous work of treating dogs.

(1993) 16 Cal.App.4th 658, 665 [20 Cal.Rptr.2d 148].) Defendant Mainframe did not premise its motion on the absence of a duty but rather on primary assumption of the risk as a complete defense. We therefore look to the factors cited in *Neighbarger* to determine whether a "firefighter's rule" should apply here. We find *Neighbarger*'s reasons against application of the rule in the case of private fire safety officers apply with equal or greater force to plaintiff under the facts of this case.

First, plaintiff was not a public employee. There is thus no reason to warrant negation of a duty based upon his status as a government servant or "fairness" to the taxpaying public. More important, there is totally absent here a special relationship between the parties which might warrant a legal conclusion that the normal duty of care was waived. Plaintiff was not hired by defendants but by a private company. Neither of the defendants had any relationship with plaintiff from which it could be inferred that they had somehow "purchased" exoneration from their normal duty of care to keep the property in a reasonably safe condition for employees and visitors. As Justice Mosk expressed it, "when a safety employee is privately employed, a third party lacks the relationship that justifies exonerating him or her from the usual duty of care. The third party, unlike the public with its police and fire departments, has not provided the services of the private safety employee. Nor has the third party paid in any way to be relieved of the duty of care toward such a private employee. Having no relationship with the employee, and not having contracted for his or her services, it would not be unfair to charge the third party with the usual duty of care towards the private safety employee." (*Neighbarger, supra,* 8 Cal.4th 532, 543.)

Finally, the private security guard receives no special financial rewards for engaging in hazardous work. (*Neighbarger, supra,* 8 Cal.4th at p. 543.) Unlike the firefighter or police officer, plaintiff reaps no extraordinary remuneration such as high pay, generous disability or hefty retirement benefits for his efforts. On the contrary, foot patrol guards such as plaintiff generally earn minimum wages and receive few, if any, fringe benefits.

Application of the key *Neighbarger* factors militates against the conclusion that a private security guard should be barred by a "firefighter's rule" from recovery on the facts below. That one of plaintiff's duties was to look for and report safety hazards, which the trial court regarded as dispositive, is of minor significance and certainly does not relieve the court of its duty to undertake the multi-tiered analysis required to justify discharging defendants from their normal duty of care.

The case of *Holland* v. *Crumb* (1994) 26 Cal.App.4th 1844 [32 Cal.Rptr.2d 366] illustrates the type of flawed thinking courts can slip into

when they limit their inquiry to the narrow issue of the nature of the plaintiff's job duties. The *Holland* court applied the firefighter's rule to bar recovery by a privately employed tow truck driver who was injured while responding to an emergency call at the scene of an automobile accident. The court held that "[b]eing injured by passing vehicles on streets and highways, such as occurred in this case, is one of 'those hazards which are known or can reasonably be anticipated' by a tow truck driver [citation] . . . ." (*Id.* at p. 1852.) The Supreme Court flatly rejected this reasoning, stating "[i]t is certainly not the case, as the Court of Appeal suggested in *Holland*, that private employees assume all the foreseeable risks of their employment. As we have explained . . . *Knight* . . . requires a closer analysis, focusing not on the foreseeability of the hazard or the plaintiff's subjective awareness of risk, but on the defendant's duty of care and the relationship of the parties." (*Neighbarger, supra,* 8 Cal.4th 532, 545, fn. 4.) The *Neighbarger* court's disapproval of *Holland* is strong evidence that it would not find a "firefighter's rule" applicable in the case of a private security guard who is injured through the negligence of a third party.[3]

Although the foregoing is more than sufficient to compel reversal of the judgment, we make one further observation: the basic underlying assumption of defendants' theory—that the risk of slipping and falling due to an unsafe condition of the patrolled property simply "comes with the job" of being a security guard—is itself untenable.

The firefighter who battles blazes and the police officer who battles criminals are paid to quell the very danger which they encounter, and both are specially trained and equipped to perform such tasks. The private security guard is neither prepared nor expected to take remedial action to abate a safety hazard caused by standing water or slippery floors. As he testified in his deposition, plaintiff's job was simply to *report* such conditions to the control room personnel, who would then notify the maintenance

---

[3]Defendants' reliance on another tow truck case, *Bryant* v. *Glastetter* (1995) 32 Cal.App.4th 770 [38 Cal.Rptr.2d 291], only undercuts their cause. In *Bryant* a tow truck driver was killed by a third party motorist while coming to the aid of a drunk driver whose disabled vehicle caused decedent to be summoned to the scene. The truck driver's heirs filed a wrongful death action against the intoxicated driver on a theory of negligence. Analyzing the duty factors set forth in *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 112-113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], the Court of Appeal found that decedent's death was not the kind of harm that would reasonably be expected to result from the negligence (drunk driving), thus negating the existence of actionable duty on the part of the defendant. Here, by contrast, plaintiff's slip-and-fall was exactly the type of harm which one might expect from defendants' alleged negligence in permitting the dangerous condition posed by the puddle of water. Defendants' position is, in actuality, far more analogous to the motorist who struck and killed the tow truck driver than to the intoxicated driver waiting by the side of the road when the accident took place.

crew. In short, there is nothing about plaintiff's job duties vis-à-vis defendants to justify an expectation that defendants' normal duty of care in maintaining the premises would be negated or relaxed. (*Donohue* v. *San Francisco Housing Authority, supra,* 16 Cal.App.4th 658, 666.)

## DISPOSITION

The judgment is reversed.

Kline, P. J., and Haerle, J., concurred.