[No. A049317. First Dist., Div. Two. June 15, 1993.]

ROBERT DONOHUE, Plaintiff and Appellant, v.
SAN FRANCISCO HOUSING AUTHORITY et al., Defendants and
Respondents.

**COUNSEL**

Bianco, Brandi & Jones, Thomas J. Brandi and Mylene L. Reuvekamp for Plaintiff and Appellant.

McGee, Lafayette, Willis & Greene, Gary T. Lafayette, Kevin M. Clarke and Barbara S. Monty for Defendants and Respondents.

**OPINION**

**SMITH, J.**—Robert Donohue, a San Francisco firefighter, brought this action for personal injuries after he slipped and fell on wet, slick stairs during an unannounced fire safety inspection of a building owned by the San Francisco Housing Authority (SFHA). The California Supreme Court remanded this case for reconsideration in light of *Knight* v. *Jewett* (1992) 3 Cal.4th 296 [11 Cal.Rptr.2d 2, 834 P.2d 696] (*Knight*), after we had affirmed summary judgment in favor of SFHA by applying traditional common law principles regarding assumption of the risk. Upon reconsideration in light of *Knight*, we conclude that assumption of the risk no longer presents an absolute bar to plaintiff's recovery, but in this factual setting constitutes a mere variant of the doctrine of contributory negligence. We will therefore reverse the judgment of the lower court.

BACKGROUND

The facts are basically undisputed. Plaintiff Robert Donohue was employed as a firefighter with the San Francisco Fire Department from 1955 until his retirement in March of 1987. On March 26, 1986, in his capacity as battalion chief, plaintiff conducted a fire safety inspection of a low rise apartment building owned by SFHA. The building consists of three floors with a flight of concrete stairs leading from the third floor to a penthouse door, which opens out onto the roof.

Plaintiff noticed that the stairs were wet and, since he observed two or three men with a hose leaving the scene, concluded that they had just finished washing down the stairs. As part of his inspection, plaintiff climbed the stairway to see if the penthouse door was locked, a condition not permitted by the fire code. Having inspected the building a number of times before, he knew the door had sometimes been left locked.

Plaintiff was wearing crepe-soled shoes issued by the fire department and was particularly cautious in traversing the stairway, knowing that the steps were wet and having observed puddles and mud. As he descended the stairs from the penthouse door, plaintiff slipped and fell on the landing above the third floor, breaking his arm. After the injury, plaintiff did not return to work and went on disability retirement.

The concrete steps did not have skid-resistant treads on them, despite the fact that several years earlier the SFHA safety committee had recommended that they be installed. In accordance with routine practice, the fire department did not give SFHA any advance notice of the inspection, although SFHA had general knowledge that its buildings were being inspected on a quarterly basis.

According to injury reports kept by the fire department, plaintiff had multiple slip-and-fall accidents prior to the incident in question, although all of the accidents occurred under firefighting conditions.

Defendant moved for summary judgment based on the theory that plaintiff's recovery was barred by either the firefighter's rule or traditional common law assumption of the risk. The court granted summary judgment without specifying which ground formed the basis of its ruling.

APPEAL

I

*The Knight Opinion*

In *Knight*, a three-judge plurality of the state Supreme Court (with a fourth, Justice Mosk, concurring in the result) effectively abolished the previous judicial categorization of assumption of the risk into "reasonable" and "unreasonable" forms for purposes of determining whether the defense is subsumed by comparative negligence as set forth in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393] (*Li*). After analyzing *Li* and the authorities it cites, *Knight* declared that survival of the doctrine, in any given fact situation, should instead turn on the distinction between "primary" and "secondary" assumption of the risk. Primary assumption of the risk according to *Knight* refers to "those instances in which the assumption of the risk doctrine embodies a legal conclusion that there is 'no duty' on the part of the defendant to protect the plaintiff from a particular risk . . . ." Secondary assumption involves "those instances in which the defendant does owe a duty of care to the plaintiff but the plaintiff knowingly encounters a risk of injury caused by the defendant's breach of that duty . . . ." (*Knight, supra,* 3 Cal.4th 296, 308.) In the second instance, the plaintiff's conduct is simply equivalent to contributory negligence and not deemed an absolute bar to recovery.

*Knight* held that "the question whether the defendant owed a legal duty to protect the plaintiff from a particular risk of harm does not turn on the reasonableness or unreasonableness of the plaintiff's conduct, but rather on the nature of the activity or sport in which the defendant is engaged and the relationship of the defendant and the plaintiff to that activity or sport." (*Knight, supra,* 3 Cal.4th 296, 309.)

 Finally, since the existence and scope of the defendant's duty in a given situation is a legal question, not a factual one, the applicability of the assumption of the risk doctrine is especially amenable to resolution by summary judgment motion. (*Knight, supra,* 3 Cal.4th 296, 313.) With these principles in mind, we turn to the case at bar.

II

*Firefighter's Rule*

 SFHA continues to maintain that plaintiff is barred from recovery by application of the firefighter's rule, since his injury was incurred in the

performance of his duties and the hazard of slipping and falling on wet stairs in particular was part and parcel of plaintiff's job as a firefighter.

*Knight, supra,* expressly declares that the firefighter's rule survives as an example of "primary" assumption of the risk. In footnote 5, the court states that in addition to the sports setting, "the primary assumption of risk doctrine also comes into play in the category of cases often described as involving the 'firefighter's rule.' [Citation.] In its most classic form, the firefighter's rule involves the question whether a person who negligently has started a fire is liable for an injury sustained by a firefighter who is summoned to fight the fire; the rule provides that the person who started the fire is not liable under such circumstances. [Citation.] Although a number of theories have been cited to support this conclusion, the most persuasive explanation is that the party who negligently started the fire had *no legal duty to protect the firefighter from the very danger that the firefighter is employed to confront.*" (3 Cal.App.4th 296, 309-310, italics added.) Since *Knight* neither expanded nor restricted the scope of the rule, we must still determine its applicability here.

In our prior opinion in this case, we found that the firefighter's rule did not apply because it does not bar recovery for independent acts of misconduct which were *not the cause of the plaintiff's presence on the scene.* (*Hubbard* v. *Boelt* (1980) 28 Cal.3d 480, 486 [169 Cal.Rptr. 706, 620 P.2d 156]; *Rowland* v. *Shell Oil Co.* (1986) 179 Cal.App.3d 399, 403 [224 Cal.Rptr. 547].) In order for defendant to invoke the defense, the negligence must create an obvious risk *and* be the cause of the fireman's presence. (*Malo* v. *Willis* (1981) 126 Cal.App.3d 543, 547 [178 Cal.Rptr. 774].) We adhere to that conclusion.

The facts that plaintiff was injured while in the regular course of his duties as a fireman and that the hazard was one normally encountered as part of his job, are not dispositive. The negligent conduct at issue was SFHA's failure to install nonslip adhesive treads on the stairs, coupled with the improper maintenance practice of hosing down the stairs. Neither of these acts was the reason for plaintiff's presence. Plaintiff was not summoned to the scene to inspect the slipperiness of the stairs, he was there to inspect for fire code violations. Since the injuries were not caused by an act of negligence which prompted plaintiff's presence in the building, the firefighter's rule does not bar the present claim. (*Terhell* v. *American Commonwealth Associates* (1985) 172 Cal.App.3d 434, 440 [218 Cal.Rptr. 256].)

## III

### *Primary v. Secondary Assumption of the Risk*

After *Knight*, whether a plaintiff's cause of action is barred by assumption of the risk or is a mere variant of contributory negligence no longer turns on the reasonableness of the plaintiff's conduct or his subjective awareness of the nature and magnitude of the danger. (*Knight, supra,* 3 Cal.4th 296, 309, 312-313, 316.) Instead, the central question is whether, in light of the nature of the activity and relationship of the parties, the defendant breached a duty of care toward the plaintiff or had no duty to remedy the danger which the plaintiff confronted. If the former, the defense is subsumed by comparative negligence principles and the claim survives. If the latter, the defense presents an absolute bar to the claim. (*Id.,* at pp. 314-315.)

Again *Knight* provides direct guidance relevant to our situation. After acknowledging that an owner or occupier of land owes a general duty of care to eliminate dangerous conditions on his property (3 Cal.4th at p. 315, citing *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]), *Knight* notes that in the all-or-nothing era prior to *Li,* a defendant who breached this duty by allowing a dangerous condition to exist was nevertheless absolved under common law assumption of the risk if the plaintiff had actual knowledge of the danger and deliberately chose to encounter it. As an example, *Knight* cites *Prescott* v. *Ralphs Grocery Co.* (1954) 42 Cal.2d 158 [265 P.2d 904] (*Prescott*), a case virtually indistinguishable from the one at bar.

In *Prescott,* a grocery store customer entered the defendant's store to make a purchase. Upon exiting she noticed a lot of dirty water covering the sidewalk and that there was no dry area through which she could walk. After taking three or four steps on the wet sidewalk, she slipped and fell. The evidence showed that the defendant had just washed down the area with two buckets of hot water. (*Prescott, supra,* 42 Cal.2d 158, 160.)

*Prescott* held that the plaintiff's claim was barred by assumption of the risk if she had actual or constructive knowledge of the danger and voluntarily exposed herself to it. It is clear, however, that the variant of assumption of the risk of which the court speaks *presupposed* a breach of duty by the defendant: "As we have seen, the elements of the defense of assumption of risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk. It follows that a person, if he is fully informed, may assume a risk *even though the dangerous condition is caused by the negligence of others.*" (*Prescott, supra,* 42 Cal.2d 158, 162, italics

added.) *Prescott* is referred to twice in *Knight* as illustrative of the "secondary" type of assumption of the risk no longer viable after *Li*. (*Knight, supra,* 3 Cal.4th 296, 304, 312.)

■ Here, as in *Prescott*, defendant SFHA owed a general duty to tenants and visitors to maintain its premises in reasonably safe condition. Evidence was submitted showing that the concrete stairs had been heavily watered down just prior to plaintiff's visit and lacked skid-resistant treading, which might have increased traction and prevented the accident. From this evidence a jury could conclude that SFHA breached its duty of care toward plaintiff. Plaintiff's conduct in proceeding to traverse the stairs despite full appreciation of the risk created by such negligence was no more than a species of contributory negligence, to be considered by the jury in apportioning comparative fault.

SFHA cites a series of older cases indicating that a landowner has no duty to *warn* of a dangerous condition on his property if the condition is so obvious that any reasonable person would have observed it (see 6 Witkin, Summary of Cal. Law (9th ed. 1989) Torts, § 930, pp. 301-302 and cases cited therein) to support its argument that this case falls within the "no-duty" primary assumption of the risk category referred to in *Knight*. These cases are not apposite.

As explained in *Beauchamp* v. *Los Gatos Golf Course* (1969) 273 Cal.App.2d 20 [77 Cal.Rptr. 914], the "obvious danger" exception to a landowner's ordinary duty of care is in reality a recharacterization of the former *assumption of the risk* doctrine, i.e., where the condition is so apparent that the plaintiff must have realized the danger involved, he assumes the risk of injury even if the defendant was negligent. (*Id.*, at pp. 32-33.) As noted, this type of assumption of the risk has now been merged into comparative negligence. In addition, recent authority makes it clear that while a readily apparent danger may relieve the property owner of a duty to *warn*, it no longer necessarily absolves him of a duty to *remedy* that condition. (*Osborn* v. *Mission Ready Mix* (1990) 224 Cal.App.3d 104, 119 [273 Cal.Rptr. 457].)

SFHA's reliance on *Danieley* v. *Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111 [266 Cal.Rptr. 749] (*Danieley*) for the proposition that plaintiff's action is barred by the "obvious hazard" rule, is unavailing. In *Danieley*, a skier brought a personal injury action against a ski resort for failure to remove or protect skiers from a tree with which she collided. Although the opinion refers to the traditional "obvious hazard" rule when discussing duty to warn, it leaves no doubt that the owner's immunity from

liability was predicated on the *sports setting* of the case and the fact that collision with an off-course tree is one of the inherent risks which skiers accept when they engage in the sport. (*Id.*, at pp. 122-125; see also *Brown* v. *San Francisco Baseball Club* (1950) 99 Cal.App.2d 484, 488-492 [222 P.2d 19]; *Neinstein* v. *Los Angeles Dodgers, Inc.* (1986) 185 Cal.App.3d 176, 184 [229 Cal.Rptr. 612] [spectator at baseball game cannot recover for injuries suffered as a result of flying bat or ball].) Indeed, *Knight* itself cites the ski resort example in distinguishing dangers "inherent in the sport" from dangers caused by the owner's negligence. (*Knight, supra,* 3 Cal.4th 296, 315-316.) Hence, *Danieley* is an instance where the absence of duty is traceable to the nature of the activity or sport involved—primary assumption of the risk.

By contrast, slippery steps were not a danger inherent in the nature of the activity at bar. There was nothing about plaintiff's inspection of the building from which it can be inferred that the property owner's normal duty to keep its public areas in safe condition would be relaxed.

We conclude that this is a "secondary" assumption of the risk case as defined in *Knight*. There was a triable issue of fact concerning whether SFHA breached a duty of care toward plaintiff in maintaining the property. While a jury would certainly be entitled to consider plaintiff's conduct in deliberately encountering the danger despite his awareness of it for the purpose of determining comparative fault, such behavior does not automatically bar plaintiff's recovery.

### Disposition

The judgment is reversed.

Kline, P. J., and Benson, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 16, 1993.