Opinion
 

 MINNEY, J.
 
 *
 

 In this case, we must decide a question of first impression in California: whether the so-called “firefighter’s rule”
 
 [1]
 
 bars recovery of damages for personal injuries suffered by an off-duty deputy sheriff when he
 
 *977
 
 confronted and struggled with, then shot and killed, a suspected burglar who had broken into the garage of the apartment building where the deputy lived. The trial court answered this question in the affirmative and, accordingly, entered summary judgment in favor of the respondent building owners and managers,
 
 [2]
 
 whose failure to correct known security and maintenance problems was alleged as the cause of appellant Duane Hodges's injuries. We affirm.
 

 I. Factual and Procedural Background
 

 The essential facts are few and undisputed. Hodges has been employed since 1987 as a deputy in the Alameda County Sheriff’s Department. Shortly after 11 p.m. on October 14, 1994, while off duty, Hodges arrived at the apartment building where he lived, after a night out with his girlfriend and children. Hodges noticed that the garage door was slightly off-track, and saw fresh pry marks on the garage door. Suspecting that a serious crime was in progress,
 
 [3]
 
 Hodges retrieved his “off-duty revolver” from his car,
 
 [4]
 
 instructed his girlfriend and children to leave and to call “911” for help. Hodges then entered the garage to confront the intruder. Hodges was aware that the intruder could be armed, and that a confrontation could result in injury to himself or to the intruder. When he found the suspect, Hodges repeatedly identified himself as a “deputy sheriff.” A struggle ensued as Hodges attempted to subdue and arrest the intruder. The suspect attempted to leg-whip Hodges, then jumped up and charged at him. At that point, Hodges shot twice and killed the suspect.
 

 Hodges subsequently sued the owners and managers of the apartment building, respondents herein, alleging negligent failure to address certain security and maintenance problems with the building. Hodges sought damages for wage loss, hospital and medical expenses, loss of earning capacity,
 
 *978
 
 and emotional distress suffered in connection with the confrontation and shooting of the suspect.
 
 [5]
 

 In March 1996, respondents filed a summary judgment motion contending that Hodges was barred from recovery by the doctrine of primary assumption of risk and, more specifically, by the “fireman’s rule.” The trial court agreed with respondents and granted respondents’ motion after a hearing on May 9, 1996. The court explained: “Defendants did not owe a duty of care to [Hodges], a deputy sheriff, to protect him from the very danger that he was employed to confront.” Judgment was entered on June 7, 1996, and this timely appeal followed.
 

 II. Discussion
 

 A.
 
 The Firefighter’s Rule Applies to an Off-duty Sheriffs Deputy Who Assumes Responsibility for Apprehending a Criminal Suspect on the Defendants’ Premises.
 

 In a recent case,
 
 Neighbarger, supra,
 
 8 Cal.4th 532, our Supreme Court described the firefighter’s rule, as follows: “[A] special rule has emerged limiting the duty of care the public owes to firefighters and police officers. Under the firefighter’s rule, a member of the public who negligently starts a fire owes no duty of care to assure that the firefighter who is summoned to combat the fire is not injured thereby. [Citations.] Nor does a member of the public whose conduct precipitates the intervention of a police officer owe a duty of care to the officer with respect to the original negligence that caused the officer’s intervention. [Citations.] [D The firefighter’s rule, however, is hedged about with exceptions. The firefighter does not assume every risk of his or her occupation. [Citation.] The rule does not apply to conduct other than that which necessitated the summoning of the firefighter or police officer, and it does not apply to independent acts of misconduct that are committed after the firefighter or police officer has arrived on the scene. [Citations.] [¶ The firefighter’s rule should not be viewed as a separate concept, but as an example of the proper application of the doctrine of assumption of risk, that is, an illustration of when it is
 
 *979
 
 appropriate to find that the defendant owes no duty of care. [Citation.]”
 
 (Id.
 
 at p. 538, fn. omitted.)
 
 [6]
 

 The
 
 Neighbarger
 
 court also elaborated the policy bases for the firefighter’s rule, as reflected in cases decided under it. Fundamentally, the court observed, the firefighter’s rule reflects “a public policy precluding recovery for those who are injured by the very hazard they have been employed to confront.”
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 539, citing
 
 Giorgi
 
 v.
 
 Pacific Gas & Elec. Co.
 
 (1968) 266 Cal.App.2d 355, 359-360 [72 Cal.Rptr. 119].) Related considerations of “fairness” come into play insofar as “[i]t is the firefighter’s business to deal with the hazard of fire . . . and he or she cannot complain of the reason for his or her employment, whether it be fire or explosion that causes the injury.”
 
 (Neighbarger, supra,
 
 at p. 539, citing
 
 Scott
 
 v.
 
 E.L. Yeager Constr. Co.
 
 (1970) 12 Cal.App.3d 1190, 1195 [91 Cal.Rptr. 232]; see also
 
 Walters
 
 v.
 
 Sloan
 
 (1977) 20 Cal.3d 199, 204-205 [142 Cal.Rptr. 152, 571 P.2d 609]
 
 (Walters).)
 
 The
 
 Neighbarger
 
 court likened the firefighter’s or peace officer’s role to that of an “expert” who is retained to remedy a dangerous situation, who cannot be heard to complain of forms of negligence that are the “cause of his or her employment.” (8 Cal.4th at pp. 540, 542, citing
 
 Walters, supra,
 
 p. 205; see also
 
 Neighbarger, supra,
 
 at p. 544, quoting
 
 Krauth
 
 v.
 
 Geller
 
 (1960) 31 N.J. 270 [157 A.2d 129, 131].)
 

 The firefighter’s rule finds further support in the fact that public safety employees, such as police officers and firefighters, receive “special public compensation for confronting the dangers posed by the defendant’s negligence.”
 
 [7]
 

 (Neighbarger, supra,
 
 8 Cal.4th at p. 540, citing
 
 Walters, supra,
 
 20 Cal.3d at pp. 205-206.) In that regard, members of the public who are taxed once to generate the revenue used to provide such compensation should not
 
 *980
 
 be called upon to pay again by the imposition of individual liability.
 
 (Neighbarger, supra,
 
 at pp. 542-543.) One commentator has referred to this aspect of the firefighter’s rule as a “cost-spreading” policy. (Comment,
 
 The Fireman’s Rule: Defining Its Scope Using the Cost-Spreading Rationale
 
 (1983) 71 Cal.L.Rev. 218, 221-222; see also
 
 Neighbarger, supra,
 
 at p. 546;
 
 Kowalski
 
 v.
 
 Gratopp
 
 (1989) 177 Mich.App. 448 [442 N.W.2d 682, 683].) In addition, the rule avoids embroiling the courts in “relatively pointless litigation over rights of indemnification among the employer, the retirement system, and the defendants’ insurer.”
 
 [8]
 

 (Neighbarger, supra,
 
 at p. 540, citing
 
 Walters, supra,
 
 at p. 206.)
 

 Neighbarger
 
 also provides guidance as to the proper methodology for determining whether the firefighter’s rule applies to bar Hodges’s recovery in the factual circumstances of this case. In that regard,
 
 Neighbarger
 
 directs us to examine whether the policy reasons offered for the rule, as originally adopted and applied in ordinary circumstances, apply as well in the novel factual circumstances presented.
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 541.) We must also keep in mind “the nature of the defendants’] activities and the relationship of the plaintiff]] and the defendants] to that activity to decide whether, as a matter of public policy, the defendants] should owe plaintiff[] a duty of care.”
 
 (Ibid.)
 
 The existence of such a duty is a question of law.
 
 (Knight, supra,
 
 3 Cal.4th at p. 313 [the questions whether a defendant owes a duty of care to a plaintiff, and the extent of that duty, are issues of law]; and cf.
 
 Inouye
 
 v.
 
 County of Los Angeles
 
 (1994) 30 Cal.App.4th 278, 282 [35 Cal.Rptr.2d 367] [whether off-duty county safety police officer was acting within scope of his employment was a question of law where parties agreed officer was attempting to effectuate an arrest he was authorized by statute to make].)
 

 Under this standard of review, we conclude as a matter of law that the firefighter’s rule bars appellant’s claims for damages against respondents in the factual circumstances of this case. Hodges acted in response to suspected criminal activity in the garage. He acted as a California peace officer, utilizing his professional training to confront and subdue the intruder. He specifically and repeatedly asserted his authority as a California
 
 *981
 
 peace officer while attempting to effectuate an arrest of the suspect. (Pen. Code, § 830.1, subd. (a)(3) [authority of a “peace officer,” including a “deputy sheriff,” extends to any place in state where public offense has been committed in officer’s presence, and there is “immediate danger to person or property, or of the escape of the perpetrator”];
 
 id.,
 
 § 836, subd. (a) [authority of peace officer to effectuate warrantless arrest].) Indeed, Hodges admitted as much when he stated in his declaration, “I used my police officer status as a method of asserting authority which I hoped would cause the suspect to be more compliant.” Hodges also exercised his statutory authority to use force—in this case, deadly force—to arrest the intruder, whom he suspected of committing a burglary, robbery or more serious crime.
 
 (Id.,
 
 § 835a [authority to use reasonable force to effect an arrest, to prevent escape, or to overcome resistance where peace officer has reasonable cause to believe arrestee has committed a public offense];
 
 Long Beach Police Officers Assn.
 
 v.
 
 City of Long Beach
 
 (1976) 61 Cal.App.3d 364, 368-369 [132 Cal.Rptr. 348] [a peace officer has the right to use deadly force when necessary to defend himself or other persons from death or serious injury when attacked];
 
 Kortum
 
 v.
 
 Alkire
 
 (1977) 69 Cal.App.3d 325, 333 [138 Cal.Rptr. 26] [peace officer may use deadly force against a felony suspect only if the felony is a “forcible and atrocious one,” which threatens death or great bodily harm, or there are other circumstances which reasonably create a fear of death or serious bodily harm to the officer or another]; see also Pen. Code, § 196, subd. 2 [defense of “justifiable homicide” by public officer for killing “in overcoming actual resistance to the execution of some legal process, or in the discharge of any other legal duty”].) These activities—apprehending and arresting a criminal suspect, with the use of necessary force in response to active resistance—are inherently part of the job of a deputy sheriff, and precisely the types of “hazard[s]” Hodges has been trained and is employed to confront.
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 539.)
 

 Furthermore, although he has not made a workers’ compensation or disability claim, Hodges does not dispute that he receives or is eligible for “special public compensation for confronting the dangers posed by the defendant’s negligence.”
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 540, citing
 
 Walters, supra,
 
 20 Cal.3d at pp. 205-206.) In this case, respondents’ failure to provide adequate security measures for the premises was alleged to have created opportunities for criminal intrusions, necessitating law enforcement intervention. There can be no serious dispute that the injuries Hodges claims to have suffered during the apprehension (or attempted apprehension) of the burglary suspect would be “deemed to have arisen out of and been sustained in the course of employment for purposes of workers’ compensation and all other benefits.” (Lab. Code, § 3600.2, subd. (a).) Since residents of Alameda County, presumably including respondent property owners, have already
 
 *982
 
 been taxed to provide these (and other) special benefits for deputy sheriffs such as Hodges, they are entitled to the benefit of the cost-spreading aspect of the public compensation system and should not have to pay again for injuries that are compensable in that system.
 
 (Neighbarger, supra,
 
 at pp. 542-543.)
 

 Appellate courts from other jurisdictions that have considered this issue have reached the same conclusion we do. (E.g.,
 
 Levine
 
 v.
 
 Chemical Bank
 
 (1995) 221 A.D.2d 175 [633 N.Y.S.2d 296] [firefighter’s rule barred claim against bank for negligent failure to provide adequate security resulting in death of plaintiff, an off-duty police officer who was shot while trying to apprehend the perpetrator of an assault on a customer at defendant’s automated teller machine];
 
 Campbell
 
 v.
 
 Lorenzo’s Pizza Parlor, Inc.
 
 (1989) 143 Misc.2d 1022 [542 N.Y.S.2d 460] [firefighter’s rule bars action by off-duty police officer who confronted intoxicated patron of the defendant pizza parlor for public urination, and was injured during altercation that ensued when plaintiff attempted to arrest patron and his friend];
 
 Sports Bench, Inc.
 
 v.
 
 McPherson
 
 (Ind.Ct.App. 1987) 509 N.E.2d 233
 
 (Sports Bench)
 
 [firefighter’s rule bars action against tavern owner by two off-duty deputy sheriffs, who remained on premises to prevent a breach of the peace after waitress told them a patron had been ejected and threatened to return with a gun, and suffered injuries while trying to subdue and disarm the angry patron]; see also
 
 Packard
 
 v.
 
 Rockford Pro. Baseball
 
 Club (1993) 244 Ill.App.3d 643 [184 Ill.Dec. 294, 613 N.E.2d 321] [owner of ballpark owed no duty to off-duty sheriff’s deputy to protect him from injuries incurred when he assisted with removal of unruly fans from the premises]; but cf.
 
 Mariin
 
 v.
 
 Fleur, Inc.
 
 (1995) 208 Mich.App. 631 [528 N.W.2d 218] [firefighter’s rule does not preclude dramshop action against tavern owner in whose establishment the plaintiff police officer was assaulted, by a patron whom the officer had previously arrested, as the officer was socializing while off duty; dictum that rule might have barred recovery if the officer had been injured while assisting bar owner in ejection of a belligerent, intoxicated patron who refused to leave].)
 

 Hodges appears to argue, however, that the firefighter’s rule should not be held to bar recovery for injuries he suffered while off duty, because he was not actually being paid for the particular services rendered at that time. In essence, Hodges claims to have been acting as a “volunteer vigilante” when he armed himself and attempted to arrest the intruder in the garage. (Cf.
 
 Sports Bench, supra,
 
 509 N.E.2d at p. 235.) We reject this argument. Application of the firefighter’s rule is not strictly limited to cases in which the particular risk was assumed for compensation. For example, in
 
 Baker
 
 v.
 
 Superior Court
 
 (1982) 129 Cal.App.3d 710 [181 Cal.Rptr. 311]
 
 (Baker),
 
 the
 
 *983
 
 court held that the firefighter’s rule applies to volunteer firefighters who have specialized training, are compensated—albeit in a meager sum—and are entitled by statute to workers’ compensation, under a presumption of industrial causation, for injuries suffered while fighting fires.
 
 (Id.
 
 at pp. 717-718.)
 

 The
 
 Neighbarger
 
 court discussed
 
 Baker
 
 at some length and rejected, in part, an argument that the firefighter’s rule should not apply where the plaintiff (in that case, a private safety employee) does not, in fact, receive the forms of compensation for which firefighters and peace officers are eligible. The
 
 Neighbarger
 
 court explained it was not the fact or amount of compensation that was determinative in
 
 Baker
 
 but, rather, “the relationship between the public and the firefighters who serve it.”
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 544; see also
 
 Baker, supra,
 
 129 Cal.App.3d at pp. 717-718 [eligibility for special public benefits is not a prerequisite to application of the firefighter’s rule].) “The public nature of the service, combined with the understanding that the public good is best served by a quick response to fires without questions asked as to the cause of the fire, warrant a conclusion that the public should owe no duty of care to its firefighters, whether or not they are well paid.”
 
 (Neighbarger, supra,
 
 at p. 544.)
 

 The same is true of off-duty California peace officers such as Hodges who are called upon to apprehend a criminal suspect. Although such peace officers are entitled to
 
 special public compensation
 
 for undertaking the hazards peculiar to their line of work
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 540), it is not the fact or amount of compensation that determines the applicability of the firefighter’s rule in these circumstances. Hodges performed a “public” service when he entered the garage to apprehend the suspected burglar. Indeed, he admitted he entered the garage out of concern for his fellow tenants and, more specifically, “out of concern that a person was in [there] being raped or otherwise harmed or because they may have previously been harmed [and] in need of help.” He points to no material difference between the “service” he would have performed if on duty and the “service” he performed in this case.
 

 Hodges also contends that he should be treated like private safety employees of the Powerine oil refinery in
 
 Neighbarger
 
 who were allowed to proceed against Irwin Industries, Inc., a third party that provided maintenance services under contract to the refinery. Appellant misreads
 
 Neighbarger.
 
 In that case, the court held that the firefighter’s rule did not bar recovery by the private safety employees—who had special training in petroleum firefighting and whose duties as Powerine employees included fire suppression at the refinery—for injuries suffered when they tried to put out a fire started by the
 
 *984
 
 negligence of two Irwin Industries employees. (8 Cal.4th at pp. 535, 541-547.) Such private employees did not stand in the same relationship to the defendant maintenance contractor as public safety officers do with respect to members of the general public. “Not having provided itself with plaintiffs’ services nor having in any way paid to exonerate itself from the usual duty of care, defendant [Irwin Industries] has established no policy reason justifying relieving it of a duty of care towards plaintiffs.”
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 547.) By contrast,
 
 public
 
 safety officers are employed by and at the expense of the class of individuals whose negligence creates the occasion for the performance of their services. As the
 
 Neighbarger
 
 court explained, in a passage that applies equally well to law enforcement officers such as appellant: “Firefighting is essentially a government function, and the public has undertaken the financial burden of providing it without liability to individuals who need it. Because of the relationship between the public, the firefighter, and those who require the services of the firefighter, the individual’s usual duty of care towards the firefighter is replaced by the individual’s contribution to tax-supported compensation for the firefighter. This relationship is missing between a privately employed safety employee and a third party.”
 
 (Neighbarger, supra,
 
 at p. 546.)
 

 Hodges further contends that there is no “nexus” between his presence at the scene and his law enforcement employment, and that there is a triable issue of fact whether he entered the garage as private citizen or as a police officer. No such “nexus” is . required.
 
 Seibert
 
 is instructive. In that case, a police officer escorted an injured suspect to the hospital where the defendant security service was employed. Upon his arrival, the court explained, the officer was arguably a mere visitor or business invitee as to whom the security service had a duty of care to prevent injury from hospital patients. (18 Cal.App.4th at pp. 412-413.) But the
 
 Seibert
 
 court concluded that when the officer later responded to an incident in which a violent mental patient was causing a disturbance, the plaintiff “was a police officer acting on behalf of the public, attempting to subdue a dangerously disturbed person.” His original reason for being on the premises was irrelevant; the firefighter’s rule was triggered because the officer reacted as a police officer to the disturbance, and deliberately encountered the danger posed.
 
 (Id.
 
 at pp. 414-415.) The same is true here.
 

 Finally, appellant argues that application of the firefighter’s rule to off-duty peace officers in the circumstances of this case punishes and unfairly discriminates against them, denying them rights other tenants enjoy as against their landlords with respect to unsafe conditions on leased premises. It cannot be gainsaid that a peace officer is not similarly situated to an ordinary tenant when it comes to handling the type of risk Hodges confronted. An ordinary tenant is neither trained nor under any duty to apprehend a criminal suspect. Those are precisely the types of “public functions”
 
 *985
 
 the taxpayers expect, pay, and equip California peace officers to perform. When a peace officer assumes responsibility for performing such functions and is injured in the process, his or her recourse is in the system of “special public benefits” established to compensate the officer for such injuries.
 
 (Neighbarger, supra,
 
 8 Cal.4th at p. 540.)
 

 B.
 
 Civil Code Section 1714.9 Does Not Apply to This Case.
 

 Appellant also contends that a statutory exception to the firefighter’s rule applies in this case. In relevant part, Civil Code section 1714.9, subdivision (a), provides: “Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person’s willful acts causing injury to a peace officer, firefighter, or any emergency medical personnel employed by a public entity, but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person’s property or person, in any of the following situations: [¶ (1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel. . . .”
 

 Hodges reasons that this case falls within the statutory exception because his injuries arose after his assertion of police authority, and stem from the suspect’s postarrival conduct. Hodges misreads the statute. On its face, Civil Code section 1714.9 imposes responsibility on a “person” who injures a “peace officer, firefighter, or any emergency medical personnel” by the person’s own negligent or willful acts “after the
 
 person
 
 knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel . . . .”
 
 (Id.,
 
 subds. (a)(1) & (2), italics added.) Appellant’s argument under Civil Code section 1714.9 would be logical if he were seeking damages from the suspect for his injuries. (See, e.g.,
 
 Gibb
 
 v.
 
 Stetson
 
 (1988) 199 Cal.App.3d 1008 [245 Cal.Rptr. 283] [firefighter’s rule did not bar courtroom bailiff’s claims against a criminal defendant for injuries suffered when defendant attacked him while being taken into custody];
 
 Spargur
 
 v.
 
 Clark
 
 (1982) 128 Cal.App.3d 469 [180 Cal.Rptr. 257] [motorcycle officer could proceed to trial against motorist he stopped for speeding because there was a question of fact whether he was injured by separate, independent act of negligence of motorist who failed to bring car to a complete stop, allowing it to continue on until it struck the officer’s parked motorcycle]; cf.
 
 Seibert, supra,
 
 18 Cal.App.4th 394.) But he is not, and there is no showing that the “person(s)” he would hold responsible “knew or should have known” of his presence on the premises as a “peace officer.” In short, Civil Code section 1714.9 cannot resuscitate Hodges’s claims against respondents, which claims are otherwise barred by the firefighter’s rule.
 

 
 *986
 
 III. Conclusion
 

 For all the foregoing reasons, the judgment of the trial court is affirmed in its entirety. Costs to respondents.
 

 Phelan, P. J., and Corrigan, J„ concurred.
 

 *
 

 Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursant to article VI, section 6 of the California Constitution.
 

 [1]
 

 The parties variously refer to the rule at issue in this case as the “fireman’s,” the “firefighter’s," or the “fireperson’s” rule. We are loathe to enter the nomenclatural debate that has swirled around this rule. (See
 
 Seibert Security Services, Inc.
 
 v.
 
 Superior Court
 
 (1993) 18 Cal.App.4th 394, 404-405, fn. 3 [22 Cal.Rptr.2d 514] (Seibert); cf.
 
 id.
 
 at pp. 416-418 (cone, opn. of Timlin, J.).) Instead, we will simply follow the lead of our Supreme Court and the
 
 *977
 
 Legislature, both of which have seen fit to discuss the doctrine at issue here as the “firefighter’s rule”
 
 (Neighbarger
 
 v.
 
 Irwin Industries, Inc.
 
 (1994) 8 Cal.4th 532 [34 Cal.Rptr.2d 630, 882 P.2d 347]
 
 (Neighbarger), Knight
 
 v.
 
 Jewett
 
 (1992) 3 Cal.4th 296, 309-310, fn. 5 [11 Cal.Rptr.2d 2, 834 P.2d 696]
 
 ((Knight)),
 
 one which relates more broadly to “peace officers], firefighter[s], or emergency medical personnel employed by a public entity” (Civ. Code, § 1714.9).
 

 [2]
 

 Bruce Yarian, Sylvia Yarian, Doug Foxworthy, and Lapham Company, Inc., are the respondents herein.
 

 [3]
 

 Hodges admitted that he suspected an ongoing rape, burglary, robbery or more serious crime.
 

 [4]
 

 Hodges admitted that he “carries an off-duty gun because it is consistent with [his] view that he is a ‘cop 24 hours a day,’ ” and that he “is licensed and permitted to carry an off-duty revolver because he is a POST [Police Officer Standards Training] certified police officer.”
 

 [5]
 

 For purposes of summary judgment, respondents did not contest Hodges’s theory of liability, which is based on
 
 Ann M.
 
 v.
 
 Pacific Plaza Shopping Center
 
 (1993) 6 Cal.4th 666, 678-679 [25 Cal.Rptr.2d 137, 863 P.2d 207] (duty of landlord to protect tenants from foreseeable third party crime). Nor did respondents question Hodges’s entitlement to any of the elements of damages claimed. Because we agree with the trial court that the firefighter’s rule bars Hodges’s claims against respondents, we have no occasion to decide and express no opinion on these issues.
 

 [6]
 

 The
 
 Neighbarger
 
 court further noted that the firefighter's rule is an exception to the rule stated in
 
 Solgaard
 
 v.
 
 Guy F. Atkinson Co.
 
 (1971) 6 Cal.3d 361, 368 [99 Cal.Rptr. 29, 491 P.2d 821], under which a person owes a duty of care to bystanders who attempt a rescue that becomes necessary due to the person’s own negligence.
 
 (Neighbarger, supra,
 
 8 Cal.4th at pp. 536-537, 538, fn. 2.)
 

 [7]
 

 For example, although an employee who is injured outside the workplace and his or her assigned working hours is ordinarily not entitled to workers’ compensation benefits
 
 (County of Los Angeles
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1983) 145 Cal.App.3d 418 10 [193 Cal.Rptr. 374]), there is a statutory exception for off-duty peace officers, who may arrest lawbreakers at any time.
 
 (Luna
 
 v.
 
 Worker’s Comp. Appeals Bd.
 
 (1988) 199 Cal.App.3d 77, 80-81 [244 Cal.Rptr. 596].) Such an officer is entitled to compensation whenever he “is injured, dies, or is disabled from performing his duties as a peace officer by reason of engaging in the apprehension or attempted apprehension of law violators or suspected law violators, or protection or preservation of life or property, or the preservation of the peace anywhere in this state, including the local jurisdiction in which he is employed, but is not at the time acting under the immediate direction of his employer . . . .” (Lab. Code, § 3600.2, subd. (a).) Any such injury “shall be deemed to have arisen out of and been sustained in the course of employment for purposes of workers’ compensation and all other benefits.”
 
 (Ibid.)
 

 [8]
 

 Although the
 
 Neighbarger
 
 court did not mention it, California peace officers are themselves entitled to indemnification by their employing agency if they injure a third party while acting within the scope of their employment. (See, e.g.,
 
 Henriksen
 
 v.
 
 City of Rialto
 
 (1993) 20 Cal.App.4th 1612, 1615 [25 Cal.Rptr.2d 308].) It would be anomalous—and unseemly—for a peace officer such as Hodges to claim he was acting as a private citizen and outside the scope of his employment for purposes of his personal injury claim against the owner of the premises, but as a peace officer and within the scope of his employment if, as could easily happen, he wished to claim a right to indemnification for injuries suffered by a third party (e.g., the suspect or a bystander) as a result of his conduct in effectuating an arrest while technically off duty.