Filed 1/28/15  Ferreira v. King Taco Restaurant CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEVE FERREIRA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KING TACO RESTAURANT,<br><br>    Defendant and Respondent. | B252170<br><br>(Los Angeles County<br>Super. Ct. No. BC482738) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Law Offices of Humberto Guizar and Humberto Guizar for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter, Dale B. Goldfarb and Daniel E. Kenney for Defendant and Respondent.

_____

Plaintiff and off-duty Los Angeles County Deputy Sheriff Steve Ferreira appeals from a judgment following the trial court's grant of summary judgment in favor of defendant King Taco Restaurant (the Restaurant) in Ferreira's action for personal injuries suffered after he was stabbed in the parking lot while attempting to break up a fight. We conclude that because Ferreira sought and obtained workers' compensation benefits as an off-duty peace officer who was "stabbed in [the] abdomen by [a] suspect" while "engaging in the apprehension or attempted apprehension of law violators or suspected law violators," he is judicially estopped from asserting that he was acting as a private citizen in order to pursue a civil action. (See Lab. Code, §§ 3600, subd. (a), 3600.2, subd. (a).) Accordingly, the "firefighter's rule" bars this action against the Restaurant for allegedly failing to maintain security on the premises. Therefore, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*

Ferreira was employed as a deputy in the Los Angeles County Sheriff's Department on the date of the stabbing incident. A few minutes before 4:00 a.m. on the morning of February 26, 2011, while off duty, Ferreira was with his nephews and two other friends when Anthony Cruz Carlin approached them in the parking lot of the Restaurant and began pushing and shoving Ferreira's nephews. Carlin began to choke one of Ferreira's nephews. Ferreira interceded and held Carlin "in a hold." Ferreira released Carlin and told everyone to " 'knock it off and get back into the car.' "

Ferreira then noticed Carlin walking in his direction. Carlin stabbed Ferreira with a knife. After he was stabbed, Ferreira pulled out his badge, told Carlin to " 'drop the knife,' " and took steps to arrest Carlin. Ferreira was not carrying his duty weapon. Ferreira's friend identified himself as a "deputy sheriff" and thereafter shot Carlin.

Following the incident, Ferreira was unable to work for nine months. He applied for workers' compensation benefits before the Workers' Compensation Appeals Board

2

(WCAB).[1]  The application stated the injury occurred when Ferreira was "stabbed in abdomen by suspect."  The workers' compensation judge settled the case based upon stipulations and issued an award.

2. *Proceedings*

Ferreira brought this lawsuit against the Restaurant, alleging the Restaurant was negligent in failing to provide adequate security to protect its customers.  Ferreira sought damages, medical expenses, and loss of earning capacity in connection with the stabbing incident.

The Restaurant filed a summary judgment motion, contending that the firefighter's rule barred this action because Ferreira obtained workers' compensation benefits and was, therefore, judicially estopped from claiming the stabbing incident was unrelated to Ferreira's occupation as a peace officer.  The trial court agreed and granted the motion.

The trial court's order states:  "King Taco invokes the doctrine of judicial estoppel in light of the fact that Plaintiff made a claim for worker's compensation benefits arising out of his injury and was awarded such benefits, and now makes a claim for the same injuries, contending he was not 'on the job' at the time of the injury and therefore the firefighter's immunity rule does not apply.  The Court finds this is what the doctrine of judicial estoppel is designed to preclude, and notes the extensive discussion in *Hodges* [*v. Yarian* (1997) 53 Cal.App.4th 973] on the subject of the special benefits that inure to police officers who are injured in the line of duty, even in situations where they are technically off-duty at the time of the injury."

The trial court entered judgment in favor of the Restaurant.  Ferreira's timely appeal followed.

---

[1]     Ferreira's objections to the introduction of the WCAB records were overruled. The evidentiary rulings are not challenged on appeal.  We consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence.  (Code Civ. Proc., § 437c, subd. (c).)

DISCUSSION

### 1. *Standard of Review*

Summary judgment is proper only when the moving party establishes that there is no triable issue of material fact and, therefore, the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c. subd. (c).) The moving party must show that one or more essential elements of the plaintiff's cause of action cannot be separately established or that there is an affirmative defense that bars recovery. (*Id.*, subd. (*o*)(1), (2).) In this case, the Restaurant moved on the ground that the firefighter's rule was a complete defense to Ferreira's action.

We review the trial court's decision to grant the summary judgment motion de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.) We conduct " 'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law. [Citations.]' [Citation.]" (*Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1143.)

### 2. *The Firefighter's Rule Defense*

The defense created by the firefighter's rule limits the duty of care the public owes to firefighters and police officers. "Under the firefighter's rule, a member of the public who negligently starts a fire owes no duty of care to assure that the firefighter who is summoned to combat the fire is not injured thereby. [Citations.] Nor does a member of the public whose conduct precipitates the intervention of a police officer owe a duty of care to the officer with respect to the original negligence that caused the officer's intervention. [Citations.]" (*Neighbarger v. Irwin Industries, Inc.* (1994) 8 Cal.4th 532, 538, fn. omitted.)

In *Hodges v. Yarian*, *supra*, 53 Cal.App.4th 973, the court extended the firefighter's rule to an off-duty deputy sheriff who suffered injuries when he shot and killed a suspected burglar in the deputy's own apartment building. (*Id.* at pp. 976-977.) The deputy sued the managers of his apartment building for failure to address certain

security problems. (*Id*. at p. 977.) Because Hodges was performing off-duty the same activity he performed on-duty, that is, attempting to effectuate an arrest of the suspect, the court applied the firefighter's rule to bar the lawsuit. (*Id*. at pp. 980-981.) The *Hodges* court's explanation as to why and when the rule applies to an off-duty peace officer (*id.* at pp. 978-985) is applicable here in response to the arguments Ferreira raises to challenge the trial court's ruling.

The firefighter's rule, however, is "hedged about with exceptions." (*Neighbarger v. Irwin Industries, Inc.*, *supra*, 8 Cal.4th at p. 538.) Ferreira raises two statutory exceptions and one common law exception, discussed *post*. As shall be discussed, the Restaurant has met its burden to establish that the firefighter's rule bars this action.

3. *The Firefighter's Rule Bars this Action*

Ferreira contends that he has raised several triable issues of fact to the application of the firefighter's rule defense in this action. This contention has no merit.

a. *The Doctrine of Judicial Estoppel Prevents Ferreira From Asserting that he Was Not Acting as an Off-Duty Peace Officer*

Ferreira contends that whether he was acting as an off-duty deputy sheriff at the time he was stabbed is a question of fact that should have been left to the jury. It is undisputed that Ferreira sought workers' compensation benefits following the stabbing incident and stated in that application that the injury occurred when he was "stabbed in abdomen by suspect." It is further undisputed that the parties settled the case, and Ferreira obtained a stipulated award in which he received workers' compensation benefits. Nevertheless, Ferreira points to undisputed evidence that he was not summoned to the scene, he did not identify himself as a deputy sheriff when he attempted to break up an assault on his nephew, and he was not carrying a weapon. Despite this evidence, the trial court concluded that because Ferreira obtained workers' compensation benefits as an off-duty peace officer (Lab. Code, § 3600.2, subd. (a)), he was judicially estopped from asserting in this action that he was attempting "to break up a fight as a private citizen." We agree with the trial court.

5

" ' "Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.] Application of the doctrine is discretionary." ' [Citation.] The doctrine applies when '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' [Citations.]" (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986-987; see also *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 181.) The undisputed facts establish all five elements of judicial estoppel.

The position Ferreira asserts in this action, that is, he was acting as a private citizen, is different than the position taken in the WCAB proceedings in which he sought workers' compensation benefits as an off-duty peace officer. In his claim for workers' compensation benefits, Ferreira invoked an exception to the workers' compensation laws for off-duty peace officers who are injured outside the workplace and outside assigned working hours. (Lab. Code, § 3600.2; see *Hodges v. Yarian*, *supra*, 53 Cal.App.4th at p. 979, fn. 7.) Off-duty peace officers may arrest lawbreakers at any time and are entitled to compensation whenever the officer "is injured, dies, or is disabled from performing his duties as a peace officer *by reason of engaging in the apprehension or attempted apprehension of law violators or suspected law violators, or protection or preservation of life or property, or the preservation of the peace anywhere in this state, including the local jurisdiction in which he is employed . . . .*" (Lab. Code, § 3600.2, subd. (a), italics added.) Any such injury "shall be deemed to have arisen out of and been sustained in the course of employment for purposes of workers' compensation and all other benefits." (*Ibid.*)

Ferreira has taken these divergent positions in judicial or quasi-judicial administrative proceedings.

6

Ferreira was successful in asserting his position in the WCAB proceedings. Ferreira obtained workers' compensation benefits based upon a stipulated award. Thus, the workers' compensation judge accepted his position that he was entitled to benefits under the exception for an off-duty peace officer. (Lab. Code, § 3600.2, subd. (a).)

The two positions are totally inconsistent. To obtain workers' compensation benefits, Ferreira had to suffer his injury "by reason of engaging in the apprehension or attempted apprehension of law violators or suspected law violators, or protection or preservation of life or property, or the preservation of the peace." (Lab. Code, § 3600.2, subd. (a).) If he were acting as a private citizen, Ferreira would not have met this requirement and would not have been entitled to workers' compensation benefits.[2] (*Hodges v. Yarian*, *supra*, 53 Cal.App.4th at pp. 981-982.) As the *Hodges* court recognized, peace officers receive special public compensation for dangers associated with their occupation, and since residents of Los Angeles County have already been taxed to provide these and other special benefits for deputy sheriffs, they are entitled to the benefit of the cost-spreading aspect of the public compensation system and should not have to pay again for injuries that are compensable in that system. (See *Ibid.*; see also *Neighbarger v. Irwin Industries, Inc.*, *supra*, 8 Cal.4th at pp. 542-543 ["When the firefighter is publicly employed, the public, having secured the services of the firefighter by taxing itself, stands in the shoes of the person who hires a contractor to cure a dangerous condition. In effect, the public has purchased exoneration from the duty of care and should not have to pay twice, through taxation and through individual liability, for that service."].)[3]

---

[2]     Ferreira also maintains throughout his brief that he was injured *before* he apprehended or attempted to apprehend the suspect. This argument is inconsistent with his application for workers' compensation benefits in which he stated the injury occurred when he was stabbed by a suspect.

[3]     Ferreira distinguishes his actions from the actions of the off-duty officer in *Hodges* because unlike Hodges, Ferreira did not identify himself as a peace officer to the suspect when he had him in a "hold" or any time before the suspect stabbed Ferreira. We do not read *Hodges* as requiring in all circumstances that the off-duty peace officer must identify

7

Ferreira cites *Mariin v. Fleur, Inc.* (Mich.App. 1995) 528 N.W.2d 218, affirmed by the Michigan Supreme Court in *Gibbons v. Caraway* (Mich. 1997) 565 N.W.2d 663, for the proposition that the firefighter's rule does not bar a civil action brought by an off-duty police officer socializing at a bar. In *Mariin*, the off-duty police officer was attacked by a patron whom he previously had arrested. The firefighter's rule was not a defense to a lawsuit brought by the off-duty police officer against the bar because the police officer's injuries did not arise from his police duties. (*Mariin*, *supra*, at p. 220, affd. in *Gibbons*, *supra*, at pp. 665-669.)

Although not specifically addressed in *Mariin*, the Michigan Supreme Court in *Gibbons* acknowledged that the off-duty police officer had obtained workers' compensation benefits for his injuries, but the court did not consider the receipt of benefits dispositive on the issue of whether the firefighter's rule barred the civil action. (*Gibbons v. Caraway*, *supra*, 565 N.W.2d at p. 669.) The court reasoned the workers' compensation standard of acting within the "course and scope of employment," is much broader than the firefighter's rule, which bars a civil action if the alleged injuries stem "directly from the performance of police or firefighting duties in the context of the relevant incident." (*Ibid*.) We are not bound by out-of-state authority, but here the receipt of workers' compensation benefits is dispositive because Ferreira sought benefits under Labor Code section 3600.2, subdivision (a), which necessarily requires the off-duty peace officer to be performing peace officer duties. Ferreira sought workers' compensation benefits because his injuries were sustained while apprehending a suspect, the same activities that he would have performed while on-duty.

---

himself as a peace officer in order to invoke the firefighter's rule as a defense to a lawsuit brought by an off-duty peace officer injured while attempting to apprehend a suspect. The *Hodges* court considered these facts significant in determining whether the off-duty peace officer was performing the same activity he would have performed on duty. In any event, unlike the off-duty peace officer in *Hodges*, Ferreira obtained workers' compensation benefits for injuries sustained while performing as a peace officer to apprehend a suspect. (See *Hodges v. Yarian*, *supra*, 53 Cal.App.4th at pp. 981-982.)

Finally, there is no showing that Ferreira's position in the WCAB proceedings was the product of ignorance, fraud, or mistake.

In sum, the doctrine of judicial estoppel forecloses any attempt by Ferreira to avoid the firefighter's rule, unless an exception applies. As shall be discussed, Ferreira has not raised a triable issue of fact that an exception to the firefighter's rule applies.

b. *Exceptions to the Firefighter's Rule Are Not Applicable*

Ferreira contends that even if the firefighter's rule applies, he has raised a triable issue of fact as to either the two statutory exceptions or the common law exception. The statutory exceptions Ferreira relies on are codified in Civil Code section 1714.9, subdivision (a): "Notwithstanding statutory or decisional law to the contrary, any person is responsible . . . for any injury occasioned to [a peace officer] by the want of ordinary care or skill in the management of the person's property . . . in any of the following situations: [¶] (1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer . . . . [¶] (2) Where the conduct causing injury violates a statute, ordinance, or regulation, and the conduct causing injury was itself not the event that precipitated either the response or presence of the peace officer . . . ." (*Id.*, subd. (a)(1) & (2).) The common law exception Ferreira invokes is referred to as the "independent cause exception," which applies when the plaintiff's injuries were not caused by an act of negligence that prompted the plaintiff to be present at the time and place where the injuries were sustained. (See *Donohue v. San Francisco Housing Authority* (1993) 16 Cal.App.4th 658, 663 (*Donohue*).)

(1). *Civil Code Section 1714.9, Subdivision (a)(1) Does Not Apply*

Ferreira contends the evidence supports the application of the exception in Civil Code section 1714.9, subdivision (a)(1). For this exception to apply, the defendant must commit an act of negligence injuring a peace officer "*after the person* knows or should have known of the presence of the peace officer . . . ." (Civ. Code, § 1714.9, subd. (a)(1), italics added.) This exception applies, for example, in an action by a police officer based upon the negligent conduct of a fleeing suspect, as a result of whose negligence the officer is involved in an automobile accident during the pursuit. (See *Seibert Security*

9

*Services, Inc. v. Superior Court* (1993) 18 Cal.App.4th 394, 407-410 [explaining the statutory exception but concluding it was inapplicable].)

Ferreira does not specifically address the disputed facts to support this exception, or present argument and legal authority to support his position. Civil Code section 1714.9, subdivision (a)(1) does not apply because Ferreira has presented no facts that the Restaurant knew or should have known of his presence on the premises as a peace officer. (See *Hodges v. Yarian*, *supra*, 53 Cal.App.4th at p. 985 [rejecting statutory exception invoked against apartment owner because there was no showing "that the 'person(s)' he would hold responsible 'knew or should have known' of his presence on the premises as a 'peace officer.' "].) As a proponent of the exception to the firefighter's rule, Ferreira bore the burden of producing evidence to raise a triable issue of fact. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851.)

(2).  *Civil Code Section 1714.9, Subdivision (a)(2) Does Not Apply*

Ferreira next contends "the evidence in this case supports the application" of the exception in Civil Code section 1714.9, subdivision (a)(2) without further identifying the disputed facts and the supporting evidence. "Subdivision (a)(2) of Civil Code section 1714.9 sets forth the exception for injury caused by violation of laws enacted for the protection of public safety members . . . [and] it expressly includes resisting arrest and similar statutes." (*Calatayud v. State of California* (1998) 18 Cal.4th 1057, 1067-1068.) This exception applies if "the conduct causing injury was itself not the event that precipitated either the response or presence of the [plaintiff]." (Civ. Code, § 1714.9, subd. (a)(2).)

While Ferreira maintains the conduct causing injury was his presence at the Restaurant to "buy food," he stated in his workers' compensation proceedings that his injury occurred when he was stabbed by a suspect. The undisputed facts are that when the assailant attacked his nephew, Ferreira responded in accordance with his training as a peace officer. The conduct was unrelated to his initial presence at the Restaurant, but the firefighter's rule is not simply inapplicable because he was present on the scene by chance and able to apprehend the suspect. (See *Kelhi v. Fitzpatrick* (1994)

10

25 Cal.App.4th 1149, 1158-1159.)  Thus, the conduct causing injury was the event that precipitated Ferreira's response, for which he sought workers' compensation benefits as an off-duty peace officer.

(3).    *Independent Cause Exception Does Not Apply*

Ferreira also invokes the "independent cause exception" to the firefighter's rule, contending that he was not at the Restaurant "for any law enforcement reason, but rather, for the sole purpose of buying food."  (See *Donohue*, *supra*, 16 Cal.App.4th 658, 663 [applying independent cause exception]; see also Civ. Code, § 1714.9, subd. (e).)  For this exception to apply, Ferreira's injuries must not have been caused by an act of negligence that prompted him to be present at the time and place where the injuries were sustained.  (*Donohue*, at p. 663.)

*Donohue*, *supra*, 16 Cal.App.4th 658, illustrates the independent cause exception. In *Donohue*, a firefighter was injured while conducting a fire safety inspection of a building owned by the Housing Authority.  Specifically, the plaintiff climbed the stairway to the top floor to ensure there were no fire code violations, and he slipped and fell on the wet stairs on his way down.  (*Id*. at p. 661.)  Because the fire safety inspector was on the premises to inspect for fire code violations, and not to inspect for slippery stairs, his injuries were not caused by an act of negligence that prompted his presence in the building.  Thus, the firefighter's rule did not bar his civil action.  (*Id*. at p. 663.) Several cases have reached the same result.  (See *Terry v. Garcia* (2003) 109 Cal.App.4th 245, 250-251 [listing cases].)  All of the cases invoking the independent cause exception are based upon the conclusion that the injury was not caused by an act of negligence (e.g., fire code violation) that prompted the firefighter's or peace officer's presence on the scene.  (See *Donohue*, at p. 663.)

Ferreira likens his case to Donohue's because he was not summoned to the Restaurant to respond to an assault just as Donohue was not at the apartment building to inspect the slippery stairs that injured him.  Ferreira's situation is dissimilar to Donohue's.  Ferreira may have been present at the Restaurant for the purpose of buying food but his reason for being on the premises is irrelevant.  The firefighter's rule applies

11

because Ferreira reacted to the violent assault on his nephew as a peace officer would have reacted in that situation. The undisputed facts show that Ferreira's injuries arose from the act that prompted him to encounter the danger posed, that is, to apprehend a suspect for which he obtained workers' compensation benefits as an off-duty peace officer. Thus, Ferreira's recovery in this action is barred by the firefighter's rule.

DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:




EDMON, P. J.




KITCHING, J.


13