[No. B027508. Second Dist., Div. Four. Mar. 24, 1988.]

ROBERT K. GIBB, Plaintiff and Appellant, v.
BARBARA A. STETSON, Defendant and Respondent.

## Counsel

Lewis, Marenstein & Kadar and Thomas L. Hoegh for Plaintiff and Appellant.

Dennison, Bennett & Press and James H. Goudge for Defendant and Respondent.

## Opinion

**GEORGE, J.**—Plaintiff appeals from the summary judgment granted defendant in a suit seeking damages for personal injuries suffered by plaintiff, a court bailiff, in the course of taking the defendant, the accused in a criminal prosecution, into custody upon lawful order of a municipal court judge. ██ ██ ██ ██ The sole question posed by the present appeal is whether under the foregoing circumstances such a suit is authorized by Civil Code section 1714.9[1] or instead is barred by the fireman's rule[2] as

---

[1] Further statutory references are to the Civil Code unless otherwise noted.

Section 1714.9, subdivision (a), provides: "Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a peace officer, firefighter, or any emergency medical personnel employed by a public entity, but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person's property or person, in any of the following situations: "(1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel.

"(2) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel, violates a statute, ordinance, or regulation, and was the proximate cause of an injury which the statute, ordinance, or regulation was designed to prevent, and the statute, ordinance, or regulation was designed to protect the peace officer, firefighter, or emergency medical personnel.

"As used in this subdivision, a statute, ordinance, or regulation prohibiting resistance or requiring a person to comply with an order of a peace officer or firefighter is designed to protect the peace officer, firefighter, or emergency medical personnel.

"(3) Where the conduct causing the injury was intended to injure the peace officer, firefighter, or emergency medical personnel.

"(4) Where the conduct causing the injury is arson as defined in Section 451 of the Penal Code."

[2] The fireman's rule provides that "negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire. . . . [T]he rule is applicable to policemen as well. [Citation.]" (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 202 [142 Cal.Rptr. 152, 571 P.2d 609].)

interpreted in *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156]. For the reasons explained below, we hold that such an action is allowed if the requirements of section 1714.9 are met. We therefore reverse the summary judgment.

## FACTS

A complaint for personal injuries alleging causes of action for negligence and assault and battery was filed on December 30, 1985, in which plaintiff asserted that on January 25, 1985, he was employed as a deputy marshal for the County of Los Angeles. The complaint further alleged that while in the course and scope of his employment, he was injured by the negligent or willful act of defendant. Defendant filed an answer denying plaintiff's allegations and raising several affirmative defenses, one of which was that the action was "barred by the Fireman's Rule."

Defendant's motion for summary judgment, based on the fireman's rule, was supported by defendant's declaration and a portion of plaintiff's deposition. Plaintiff filed written opposition, which included plaintiff's declaration and a lengthier excerpt from plaintiff's deposition.

The evidence before the trial court, when considered in the light most favorable to plaintiff as required in reviewing an order granting summary judgment for defendant (*Gomez* v. *Ticor* (1983) 145 Cal.App.3d 622, 627 [193 Cal.Rptr. 600]), showed that plaintiff was the bailiff in the courtroom in which defendant appeared as the accused in a criminal case. At the conclusion of a hearing on the case, the judge ordered defendant into custody. Plaintiff escorted defendant out of the courtroom, but approximately 10 feet down the hallway defendant stopped, said she wanted to speak to the judge, and started to walk back toward the courtroom. When plaintiff took hold of her arm, defendant pulled away and sat down in a nearby chair. As a ruse, plaintiff told defendant she would be allowed to see the judge. When defendant stood up, plaintiff grasped her from behind and sat her on the floor so he could handcuff her. A passing judge asked plaintiff whether he needed help and, when plaintiff said he did, summoned two other deputy marshals.

The three officers brought defendant to her feet, stood her facing a wall, and put her hands behind her. Defendant then "slumped or went limp . . . and her body weight fell against [plaintiff's] right leg, right knee," causing the injury.

Relying on the decision in *City of Redlands* v. *Sorensen* (1985) 176 Cal.App.3d 202 [221 Cal.Rptr. 728], the trial court granted defendant's

motion for summary judgment on the ground that enactment of section 1714.9 did not alter the existing fireman's rule barring such actions.

## DISCUSSION

### CIVIL CODE SECTION 1714.9 AUTHORIZES THE PRESENT SUIT

█ " 'The rules governing summary judgment are well established. (1) Because summary judgment is a drastic remedy which eliminates the right to a trial on the merits, it must be granted with caution and only after the trial court determines "that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [Citations.] █ (2) Further, " '[T]he party moving for summary judgment has the burden of showing by declarations or affidavits setting forth facts admissible as evidence in a trial that the claims or defenses of the adverse party are entirely without merit on any legal theory . . . .' " ' [Citation.]" (*Dolquist* v. *City of Bellflower* (1987) 196 Cal.App.3d 261, 266 [241 Cal.Rptr. 706]; *Sheffield* v. *Eli Lilly & Co.* (1983) 144 Cal.App.3d 583, 611 [192 Cal.Rptr. 870].) Where as in the present case the defendant seeks summary judgment, his declaration and evidence will be sufficient if they establish a complete defense to plaintiff's action. (*Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 339-340 [138 Cal.Rptr. 670].)

█ Plaintiff's complaint alleges that defendant's act of "slumping or going limp" caused his knee to be injured. Such an allegation is generally sufficient to state a cause of action for negligence or assault and battery. (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 820 [131 Cal.Rptr. 854]; *Delia S.* v. *Torres* (1982) 134 Cal.App.3d 471, 480 [184 Cal.Rptr. 787].) █ The issue before the lower court was whether plaintiff's suit was barred under the fireman's rule in view of the circumstance that plaintiff was injured as he took defendant into custody, while performing his duties as a courtroom bailiff. The resolution of this issue depends on whether the enactment of section 1714.9 in 1982 altered the fireman's rule as it then existed.

█ The scope of the fireman's rule prior to the passage of section 1714.9 was controlled by the decision in *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480. In that case, a police officer clocked the defendant driving 50 miles per hour in a 25-mile-per-hour zone and, using his red lights and siren, attempted to stop the defendant. The defendant accelerated, at one point reaching a speed of 100 miles per hour. While passing another car on a blind curve, the defendant collided with a third vehicle. The police officer was injured when

his car left the road as the officer attempted to avoid debris from the collision.

The high court observed: " 'The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire.' [Citation.] The rule, which has been held equally applicable to policemen injured in the course of their duties, is based on the principle that it is the business of a fireman or policeman to deal with particular hazards, and that accordingly ' "he cannot complain of negligence in the creation of the very occasion for his engagement." ' [Citations.]" (*Id.,* at p. 484.)

In *Hubbard,* the police officer argued there were three reasons the rule should not bar his suit: (1) the defendant's conduct was reckless and not merely negligent, (2) the defendant had violated several statutory provisions designed to protect peace officers, and (3) the officer's injuries had not been caused by the defendant's original act of speeding but by his subsequent act of accelerating to avoid capture. Each of these arguments was rejected by the Supreme Court. The court held the fireman's rule applied to both negligent and reckless conduct. (*Id.,* at p. 485.) The defendant's violation of statutes such as Vehicle Code section 2800.1, which prohibits attempting to evade pursuit by a peace officer, and Penal Code section 148, which proscribes willful resistance, delay or obstruction of a police officer, was held not to distinguish the case from the usual application of the fireman's rule because those statutes were " 'enacted not to protect policemen from injury while investigating or terminating the prohibited conduct but rather to protect the public. . . .' [Citation.]" (*Id.,* at pp. 485-486.) Additionally, the court "confirmed the validity" of the principle that "the fireman's rule was not intended to bar recovery for independent acts of misconduct which were not the cause of the plaintiff's presence at the accident scene" (*id.,* at p. 486), but found no such independent act had occurred: "Plaintiff was injured while pursuing a speeding traffic violator, and in discharge of his official duty incurred the very risk which occasioned his presence at the accident scene." (*Id.,* at pp. 486-487.)

Justice Tobriner authored a dissent in *Hubbard,* maintaining the majority had misapplied the traditional fireman's rule: "If the fireman's rule were applied in this case in its traditional form, the police officer's lawsuit against defendant would be permitted to proceed on at least three separate grounds." (*Id.,* at p. 487.) The first of these grounds was that the rule applies only to conduct which, in the case of firemen, caused the fire or, in the case of policemen, created the occasion for the officer's presence. In *Hubbard,* the officer's presence resulted from defendant's act of speeding, but the injury was caused by an additional and subsequent act of miscon-

duct once the defendant was aware of the officer's presence: accelerating to evade capture. Second, the rule does not apply where the injury was caused by an intentional act of willful and wanton misconduct after the defendant was aware of the officer's presence. Finally, the statutes violated by the defendant while evading the officer were enacted for the protection of the officer and thus preclude application of the rule.

Four months after the decision in *Hubbard* a bill was introduced in the Assembly which resulted two years later in the enactment of an amendment to Labor Code section 3852, providing: "Notwithstanding statutory or decisional law to the contrary, any person who knows or should have known of the presence of a peace officer or firefighter is responsible" for any injury which results from either the person's willful act or negligent act.[3] (Stats. 1982, ch. 149, § 1, p. 492.) The Legislative Counsel's Digest (Stats. 1982 (Reg. Sess.) Summary Dig., p. 61) states, in pertinent part, that "court decisions have held that negligent or wanton conduct does not afford a basis for liability to a policeman or fireman for injuries incurred by them in the course of their hazardous work. [¶] This bill would provide that notwithstanding statutory or decisional law, any person who knows or should have known of the presence of a peace officer or fireman is responsible for any injury occasioned to the peace officer or fireman by willful acts or the want of ordinary care or skill." This amendment was designated an urgency statute so that it could take effect immediately "[i]n order to secure the rights of policemen and firefighters . . . as soon as possible . . . ." (*Id.*, at § 2, p. 492.)

Any doubt that this legislation was a direct response to the decision in *Hubbard* is removed by a review of the May 19, 1981, report of the Assembly Finance, Insurance, and Commerce Committee. This report summarizes the facts involved in *Hubbard* and then extensively quotes Justice Tobriner's dissent. The clear inference is that the statute was intended to adopt, in the words of the report, "the rationale expressed by Justice Tobriner in his dissent . . . ." (See also Rep. of Sen. Industrial Relations Com. re AB 2105, June 22, 1981.)

Later in 1982, Labor Code section 3852 was again amended. The foregoing language was transposed, with some modifications, into newly enacted Civil Code section 1714.9 (Stats. 1982, ch. 258, § 2, pp. 836-837), which is set forth in footnote 1, *ante*.

■ Section 1714.9, on its face, clearly authorizes the present suit by plaintiff. The statute provides an exception to the fireman's rule whenever

---

[3] The legislative materials to which we refer hereafter were furnished to the court below by plaintiff.

the conduct causing injury, whether intentional or negligent, occurs after the defendant is aware of the presence of the peace officer.[4] There is no doubt defendant was aware of the presence of the bailiff at the time of the alleged injury. Therefore, plaintiff's causes of action for negligence and assault and battery clearly lie. Even if the decision in *Hubbard* would compel a different result, enactment of the statute expressly abrogated "decisional law to the contrary." (§ 1714.9.)

The trial court ruled it was bound to reach a contrary result by the decision in *City of Redlands* v. *Sorensen, supra,* 176 Cal.App.3d 202. That case arose from a factual setting quite similar to that in *Hubbard*; a police officer was injured during a high speed chase of a suspect which occurred prior to the effective dates of Labor Code section 3852 and section 1714.9. The issue in *Redlands* was whether those statutes applied retroactively. To resolve this issue, the court in *Redlands* applied the well-established rule "that the enactment of a statute or an amendment to a statute for the purpose of clarifying preexisting law or making express the original legislative intent is not considered a change in the law; in legal theory it simply states the law as it was all the time . . . ." (*City of Redlands* v. *Sorensen, supra,* 176 Cal.App.3d at p. 211.) The court explained that where the amendment is " 'remedial in nature . . . the Legislature's intent that it be applied retroactively may be inferred. "The rationale of this exception is that in such an instance, in essence, no retroactive effect is given to the statute because the true meaning of the statute [or law] has always been the same. [Citation.]" ' " (*Ibid.,* bracketed material in original.)

The decision in *Redlands* concludes that section 1714.9 and its predecessor "simply clarified that the fireman's rule does not preclude recovery in a proper case where injury is caused the fireman or policeman by an independent act of misconduct after his or her presence at the scene is known or should have been known. This does not represent a change in the law. As previously indicated, a longstanding exception to application of the fireman's rule applies where the injury was caused by an act of misconduct independent of the conduct that necessitated the officer's or fireman's presence on the scene." (*Id.,* at pp. 211-212.)

Here the court below took the above quoted portion of the opinion in *Redlands* to mean "that the statute does not change prior case law," and therefore felt compelled to apply the decision in *Hubbard* and grant defendant's motion for summary judgment. The court below was mistaken.

The issue in *Redlands* was whether section 1714.9 applied retroactively to causes of action which had arisen prior to the effective date of the statute.

---

[4] A deputy marshal acting as a bailiff is a peace officer. (Pen. Code, § 830.1.)

No such issue is present here since plaintiff's injury occurred well after section 1714.9 became effective. The statute applies and plainly authorizes the present action "notwithstanding decisional law to the contrary."

The trial court gave an overly expansive interpretation to the statements in *Redlands* that section 1714.9 "simply clarified" the fireman's rule and "does not represent a change in the law." (*Ibid.*) *Redlands* merely involved an application of settled rules regarding retroactive application of remedial legislation clarifying existing law and was not intended to suggest that such legislation could not abrogate prior judicial decisions interpreting that law. In fact, the superseding of prior case law is a common purpose of remedial statutes. In the present case the legislative history makes clear that the purpose of the legislation was to adopt the position taken by the dissent in *Hubbard*.[5]

## DISPOSITION

The summary judgment is reversed. Appellant shall recover costs on appeal.

McClosky, Acting P. J., and Rothman, J.,* concurred.

---

[5]Defendant's alternate argument that summary judgment was properly granted because plaintiff assumed the risk which caused the injury is not well taken. Following the decision in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], assumption of the risk of the sort involved here is not a complete defense but is part of the evaluation of comparative negligence. In any event, the doctrine of assumption of the risk could not provide a *complete* defense since section 1714.9 permits the present cause of action "[n]otwithstanding statutory or decisional law to the contrary."

* Assigned by the Chairperson of the Judicial Council.