[No. G028063. Fourth Dist., Div. Three. June 28, 2002.]

MICHAEL McELROY et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Law Offices of William T. Hays, Jr., and William T. Hays, Jr., for Plaintiffs and Appellants.

Bill Lockyer, Attorney General, Pamela Smith Steward, Chief Assistant Attorney General, James Schiavenza, Assistant Attorney General, Richard Rojo and Daniel L. Helfat, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Plaintiffs Michael McElroy and Gary Nelson, officers with the City of Orange Police Department (OPD), appeal from a summary judgment entered in favor of defendants the State of California and California Highway Patrol (CHP) Officers Brent Pembleton and Aaron D'Aoust. The CHP officers collided with plaintiffs' unmarked police car after joining an ongoing pursuit in the City of Orange.

Prior to the accident, defendants were returning to their station when they "noticed several marked police vehicles traveling 'Code 3' . . . in front of

them." Defendants followed the police cars and attempted to make radio contact with the OPD dispatcher to find out the nature of the chase. Plaintiffs filed suit alleging negligence; they sought damages for injuries sustained in the accident. Defendants moved for summary judgment contending they were immune from liability under the "firefighter's rule" as construed in *Calatayud v. State of California* (1998) 18 Cal.4th 1057 [77 Cal.Rptr.2d 202, 959 P.2d 360] (*Calatayud*). In their deposition testimony, defendants stated they observed plaintiffs' unmarked car approaching an intersection; as defendants approached the intersection, they activated their overhead lights to "warn traffic" behind them and assist the OPD units in their pursuit. The court granted the motion after concluding "the individual parties were 'jointly engaged' in their duties as peace officers within the meaning set forth in [*Calatayud*] . . . ."

█    The undisputed facts show that all officers involved were on duty at the time of the accident. The only issue on appeal is whether defendants were "jointly engaged" with plaintiffs in the pursuit such that they are shielded from liability.

*Calatayud* holds that unintentional harm caused by law enforcement officers to their fellow officers does not fall into the statutory exception to the "firefighter's rule" (Civ. Code, § 1714.9, subd. (a)(1)) when the officers are "jointly involved" in police or rescue activities. (*Calatayud, supra,* 18 Cal.4th at p. 1068.) The rationale for the decision is that liability would needlessly impair the ability of separate agencies to coordinate or for the individual officers involved to make judgment calls "when responding to a rapidly developing emergency or crisis. [Citations.]" (*Id.* at p. 1069, fn. omitted; see also *Farnam v. State of California* (2000) 84 Cal.App.4th 1448, 1453-1454 [101 Cal.Rptr.2d 642].)

Plaintiffs argue defendants were not "jointly engaged" in the pursuit because they were not summoned to assist in the chase and they made no radio contact with the OPD (and consequently had no idea what the pursuit was about). Although the court in *Calatayud* used the terms "jointly engaged" (*Calatayud, supra,* 18 Cal.4th at p. 1060, fn. 3), "jointly involved" (*id.* at p. 1068), "joint operations" (*id.* at p. 1069), and "jointly discharging their duties" (*id.* at p. 1071) to limit the scope of officer-to-officer immunity, it made no attempt to define these terms with any precision.

Nonetheless, the public policies underlying the "firefighter's rule" support immunity in this case. In *Calatayud* the plaintiff responded to "an 'officer needs assistance' call" and assisted fellow officers to subdue a suspect. (*Calatayud, supra,* 18 Cal.4th at p. 1060.) He was not participating in a

preplanned, well-coordinated multiple agency operation. (See, e.g., *City of Oceanside v. Superior Court* (2000) 81 Cal.App.4th 269, 272 [96 Cal.Rptr.2d 621] [city and Camp Pendleton lifeguards "conducted a joint operation to rescue a jet ski collision victim"].) To limit the "firefighter's rule" to those situations where the officers are engaged in formally coordinated efforts ignores the reality that situations in the field may develop quickly and chaotically, and although officers arriving on the scene later might lack information available to officers originally summoned to the crisis, the former are nonetheless satisfying "their primary commitment to the public's essential safety and protection . . . ." (*Calatayud, supra,* 18 Cal.4th at p. 1069.)

The judgment is affirmed. Respondents shall recover their costs on appeal.

O'Leary, J., and Moore, J., concurred.