[No. C040100. Third Dist. May 28, 2003.]

MICHAEL DORAN TERRY et al., Plaintiffs and Appellants, v.
ABELINO GARCIA et al., Defendants and Respondents.

## COUNSEL

Dreyer, Babich, Buccola & Callaham, Roger A. Dreyer, Stephen F. Davids and Christopher W. Wood for Plaintiffs and Appellants.

Mayall, Hurley, Knutsen, Smith & Green, Joseph A. Salazar, Jr., and Michael D. Hallas for Defendants and Respondents.

## OPINION

**MORRISON, J.**—Plaintiff Michael Doran Terry collided with a truck during a high-speed, code 3 response to a domestic disturbance. He brought suit against the driver and the owner of the truck for negligence. The trial court granted defendants' motion for summary judgment on the grounds that the action was barred by assumption of the risk. Since the alleged cause of Terry's injury was an act of negligence independent of the conduct that necessitated his response, assumption of the risk, in the form of the firefighter's rule, does not apply. We reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Terry is an officer with the California Highway Patrol (CHP). He was on duty at the intersection of Escalon-Bellota and Farmington Road when he received a call from dispatch about domestic violence. He immediately responded in code 3, which permitted him to use his lights and siren and exceed the posted speed limit by 25 miles per hour.

Terry was traveling westbound on Gawne Road at 80 miles per hour when he came upon defendant Abelino Garcia. Garcia was driving a truck owned by his employer, Manuel Borges. He was pulling an empty cattle trailer and was on his way to pick up a calf. Recognizing that the trailer might obscure Garcia's view, Terry straddled the center line. When he was approximately

100 feet from the trailer, Terry pulled into the left lane and accelerated to pass Garcia.

At the same time Garcia began to make a left turn. Terry accelerated in an attempt to avoid an accident. The truck clipped Terry's car and Terry lost control. His car went into a field and rolled over. Terry was injured.

Terry brought suit against Garcia and Borges for negligence. Terry's wife sought damages for loss of consortium.

The CHP filed a lien against any judgment for sums paid in workers' compensation benefits.

Defendants moved for summary judgment, contending the lawsuit was barred by the firefighter's rule and assumption of the risk.

The trial court determined the key question was whether the risk of injury in a high-speed pursuit was inherent in Terry's CHP job. It found Terry had assumed the risk of a high-speed pursuit. The court granted the motion and entered judgment for defendants.

## DISCUSSION

Generally, one has a duty to use due care to avoid injuring others. (*Knight v. Jewett* (1992) 3 Cal.4th 296, 315 [11 Cal.Rptr.2d 2, 834 P.2d 696] (*Knight*); see Civ. Code, § 1714.) There is an exception to this general rule under the primary assumption of the risk doctrine where there is a legal conclusion that the defendant owes no duty to protect the plaintiff from a particular risk. (*Knight, supra,* at p. 308.) One application of the primary assumption of the risk doctrine is the firefighter's rule. (*Id.* at p. 309, fn. 5; *Neighbarger v. Irwin Industries, Inc.* (1994) 8 Cal.4th 532, 538 [34 Cal.Rptr.2d 630, 882 P.2d 347] (*Neighbarger*).)

"Under the firefighter's rule, a member of the public who negligently starts a fire owes no duty of care to assure that the firefighter who is summoned to combat the fire is not injured thereby. [Citations.] Nor does a member of the public whose conduct precipitates the intervention of a police officer owe a duty of care to the officer with respect to the original negligence that caused the officer's intervention. [Citations.]" (*Neighbarger, supra,* 8 Cal.4th 532, 538.)

■ The justification for the firefighter's rule is grounded in public policy. (*Walters v. Sloan* (1977) 20 Cal.3d 199, 204-205 [142 Cal.Rptr. 152, 571 P.2d 609].) As a matter of fairness, firefighters cannot complain of negligence that is the reason for their employment. (*Neighbarger, supra*, 8 Cal.4th at pp. 539-540.) The firefighter is analogous to a contractor engaged as an expert to remedy the dangerous situation and there is no duty to exercise care so as not to require the special services for which he is trained and paid. (*Id.* at p. 540.) "In effect, we have said it is unfair to charge the defendant with a duty of care to prevent injury to the plaintiff arising from the very condition or hazard the defendant has contracted with the plaintiff to remedy or confront." (*Id.* at p. 542.)

The firefighter's rule also serves as a cost-spreading mechanism. "When the firefighter is publicly employed, the public, having secured the services of the firefighter by taxing itself, stands in the shoes of the person who hires a contractor to cure a dangerous condition. In effect, the public has purchased exoneration from the duty of care and should not have to pay twice, through taxation and through individual liability, for that service. [Citations.]" (*Neighbarger, supra*, 8 Cal.4th at pp. 542-543.)

California recognizes its obligation to compensate public safety employees for the hazards they face and the injuries they receive. Public safety employees receive special pay, disability and retirement benefits. (*Neighbarger, supra*, 8 Cal.4th at p. 543; *Walters v. Sloan, supra*, 20 Cal.3d at pp. 205-206.) These special benefits are also a justification for the firefighter's rule. (*Neighbarger, supra*, at p. 543.)

Finally, "the abolition of the firefighter's rule would embroil the courts in relatively pointless litigation over rights of indemnification among the employer, the retirement system, and the defendant's insurer." (*Neighbarger, supra*, 8 Cal.4th at p. 540.)

■ The firefighter's rule, however, is subject to a number of exceptions. "The rule does not apply to conduct other than that which necessitated the summoning of the firefighter or police officer, and it does not apply to independent acts of misconduct that are committed after the firefighter or police officer has arrived on the scene. [Citations.]" (*Neighbarger, supra*, 8 Cal.4th at p. 538.)

Several cases illustrate these limitations on the firefighter's rule. In *Lipson v. Superior Court* (1982) 31 Cal.3d 362 [182 Cal.Rptr. 629, 644 P.2d 822], the defendants misrepresented that a chemical boilover to which firefighters responded did not involve toxic chemicals. Since the misrepresentation was

an act of misconduct independent from any act that caused the chemical boilover, the firefighter's rule did not apply. (*Id.* at pp. 369-373.) In *Kocan v. Garino* (1980) 107 Cal.App.3d 291 [165 Cal.Rptr. 712], a dilapidated fence gave way, injuring a police officer in hot pursuit of a suspect. This negligence was not within the ambit of the firefighter's rule. (*Id.* at pp. 292, 294-295.) A firefighter slipped on wet, slick stairs during a unannounced fire safety inspection in *Donohue v. San Francisco Housing Authority* (1993) 16 Cal.App.4th 658, 660 [20 Cal.Rptr.2d 148] (*Donohue*). Upon reconsideration after *Knight, supra,* 3 Cal.4th 296, the court held the firefighter's rule did not bar the negligence action because the alleged negligence was not the reason for the firefighter's presence. (*Donohue,* at p. 663.) In *Stapper v. GMI Holdings, Inc.* (1999) 73 Cal.App.4th 787 [86 Cal.Rptr.2d 688], firefighters responded to a house fire and were trapped in a garage when the door failed to open. One of the firefighters sued the garage door manufacturer. The court reversed the nonsuit for the defendant, finding no policy considerations supported application of the firefighter's rule. (*Id.* at p. 796.)

Limitations on the firefighter's rule are codified in Civil Code section 1714.9, which now provides in part as follows: "(a) Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a peace officer, firefighter, or any emergency medical personnel employed by a public entity, but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person's property or person, in any of the following situations: [¶] (1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the peace officer, firefighter, or emergency medical personnel. [¶] (2) Where the conduct causing injury violates a statute, ordinance, or regulation, and the conduct causing injury was itself not the event that precipitated either the response or presence of the peace officer, firefighter, or emergency medical personnel. [¶] (3) Where the conduct causing the injury was intended to injure the peace officer, firefighter, or emergency medical personnel. [¶] (4) Where the conduct causing the injury is arson as defined in Section 451 of the Penal Code."[1]

These statutory exceptions to the firefighter's rule are not exclusive; the common law independent cause exception still applies. "This section is not intended to change or modify the common law independent cause exception to the firefighter's rule as set forth in *Donohue v. San Francisco Housing Authority* [, *supra,*] 16 Cal.App.4th 658." (Civ. Code, § 1714.9, subd. (e).)

---

[1]Civil Code section 1714.9 was amended in 2001, after the accident in this case. (Stats. 2001, ch. 140, § 2.) The amendment changed the wording of subdivision (a)(2) and added subdivision (e).

■ Terry contends the independent cause exception to the firefighter's rule applies in this case. Defendants' negligence was not the conduct that summoned Terry to Gawne Road; it was independent conduct that did not create the occasion for his employment. In *Walters v. Sloan, supra*, 20 Cal.3d 199, the Supreme Court reaffirmed the firefighter's rule. It also recognized the limitations of the rule: "Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking." (*Id.* at p. 202, fn. 2.)

Defendants contend the independent negligence exception has been superceded by *Knight, supra*, 3 Cal.4th 296. Defendants contend that after *Knight* the proper inquiry is not whether the negligence causing the injury was independent, but whether the risk was inherent in the activity. Defendants assert the risk of collision is inherent in a high-speed response.

We disagree that in determining whether the firefighter's rule applies, a court is free to decide which risks are inherent in police work. The inherent risks as to which defendants owe public safety officers no duty of care are defined by the firefighter's rule based on the policy considerations that justify the rule. These risks are confined to those which cause the officer to respond; in other words, defendants owe public safety officers no duty of care as to negligence that makes the public safety officer's employment necessary. Any question that the common law independent cause exception to the firefighter's rule survives is dispelled by Civil Code section 1714.9, subdivision (e), which expressly states the exception has not been changed or modified.

■ We recognize that there are two lines of cases that apply the firefighter's rule, or find Civil Code section 1714.9, subdivision (a)(1) does not apply, even though the negligence complained of did not summon the officer and the negligence occurred after the officer was present. The policy considerations supporting application of the rule in these cases are absent here.

The first line of cases is where an officer is present when an emergency arises and the officer is injured in responding to that emergency. In *Kelhi v. Fitzpatrick* (1994) 25 Cal.App.4th 1149 [31 Cal.Rptr.2d 182], the officer was on his way to work when two tires broke off a truck. The officer responded by creating a traffic break and directing the truck off the road. One of the tires struck and injured the officer. The firefighter's rule applied because the officer was injured "by the exact risk he was attempting to minimize in the interest of public safety." (*Id.* at p. 1160.) In *Seibert Security Services, Inc. v.*

*Superior Court* (1993) 18 Cal.App.4th 394 [22 Cal.Rptr.2d 514], the officer had taken a suspect to the hospital. While he was completing paperwork, he responded to help subdue another patient and was injured. The court found the independent cause exception applies only when an officer has responded to perform a specific immediate duty and the unrelated conduct increases the risks inherent in performing that duty. (*Id.* at p. 411.) In both cases the officer was injured in responding to an emergency situation; his presence when the emergency arose was merely fortuitous. The policy considerations that justify the firefighter's rule for risks which occasion the officer's employment are equally pertinent in these cases.

A second line of cases applies the firefighter's rule when an officer is injured by the negligence of an officer from a different public safety agency in a joint operation. (*Calatayud v. State of California* (1998) 18 Cal.4th 1057 [77 Cal.Rptr.2d 202, 959 P.2d 360]; *McElroy v. State of California* (2002) 100 Cal.App.4th 546 [122 Cal.Rptr.2d 612]; *Farnam v. State of California* (2000) 84 Cal.App.4th 1448 [101 Cal.Rptr.2d 642]; *City of Oceanside v. Superior Court* (2000) 81 Cal.App.4th 269 [96 Cal.Rptr.2d 621].) The primary public policy reason for barring such actions is public safety. A peace officer's primary duty is to protect the public and imposing a duty of care as to other officers creates the potential for conflicting duties. (*Calatayud v. State of California, supra,* 18 Cal.4th at pp. 1068-1069.) Joint operations by peace officers are to be encouraged and the threat of lawsuits could "seriously compromise public safety." (*Id.* at p. 1069.) Failure to extend the firefighter's rule to claims between officers from different agencies would undermine the cost-spreading rationale of the rule, with an "adverse effect on the fisc." (*Id.* at pp. 1070-1071.) The " 'difficult problems' " of causation would be multiplied in cases turning on the propriety of chosen police tactics or emergency procedures when what is at issue is often simply a judgment call by an officer. (*Id.* at p. 1071.) Finally, since an officer cannot sue for negligence by his own agency, there is "no rational reason" for "liability to depend solely on whether the plaintiff and defendant wore different badges and uniforms when the risk of injury is the same." (*Id.* at p. 1072.) These policy considerations are not implicated by excepting a driver's negligence from the reach of the firefighter's rule.

 The alleged negligence of defendants was independent of the misconduct that summoned Terry to a high-speed response. Since this case falls within the independent cause exception to the firefighter's rule, and no public policy supports application of the firefighter's rule, the trial court erred in granting summary judgment.

## DISPOSITION

The judgment is reversed. Terry shall recover costs on appeal.

Sims, Acting P. J., and Callahan, J., concurred.