Filed 11/29/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MICHAEL RATTARY et al.,<br><br>    Plaintiffs and Appellants,<br>v.<br>BRIAN FAVRO,<br>    Defendant and<br>Respondent. | A164441<br><br>(Contra Costa County<br>Super. Ct. No. MSC13-01934) |

Plaintiffs Michael Rattary and Stephen Rogness (the firefighters) are firefighters who brought a personal injury suit against respondent Brian Favro, who crashed his car into a firetruck before receiving aid from the plaintiffs. At trial, the firefighters alleged that Favro was negligent in failing to comply with their directions and that Favro's failure in this respect caused them to be harmed by yet another crashing vehicle. On appeal, the firefighters argue that Favro's counsel committed misconduct by misrepresenting to the jury the law applicable to these unusual circumstances. They further contend that the trial court's subsequent admonition failed to cure the error. We agree and therefore reverse the judgment, remanding the matter for a new trial.

1

## BACKGROUND

The firefighters initially sought to hold Favro liable for both crashing his car and failing to cooperate after the crash. (*Moraga-Orinda Fire District v. Favro* (April 30, 2019, A150651, A150712) [nonpub. opn.] (*Favro*).) Favro moved for summary judgment, which the trial court granted on the ground that the suit was precluded by the firefighter's rule, which negates "liability to [firefighters] by one whose negligence causes or contributes to the fire which in turn causes the death or injury of the [firefighter]." (*Giorgi v. Pacific Gas & Electric Co.* (1968) 266 Cal.App.2d 355, 357.) The firefighters appealed from that order, arguing that Favro's alleged conduct fell within certain statutory exceptions to the firefighter's rule, as well as the "independent cause" exception at common law (independent clause exception). (*Favro, supra*, A150651, A150712.)

We held that that the independent cause exception was inapplicable, but reversed the trial court's order because there was "a triable issue of fact material to the statutory exception set forth in [Civil Code[1]] section 1714.9, subdivision (a)(1)." (*Favro, supra*, A150651, A150712, capitalization omitted.) As relevant here, that subdivision provides as follows: "(a) Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a . . . firefighter, . . . but also for any injury occasioned to [the firefighter] by the want of ordinary care or skill

---

[1] All subsequent statutory references are to the Civil Code unless otherwise specified.

2

in the management of the person's property or person, in . . . the following situation[]:  (1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the . . . firefighter." (§ 1714.9, subd. (a)(1).)

Thus, within the language of the statutory exception we held to be applicable, the issue for trial was whether, (1) "after" Favro knew "or should have known of the presence of the . . . firefighter[s]," he (2) engaged in conduct instantiating a "want of ordinary care or skill in the management of [his] property or person," and (3) that conduct "caus[ed] the" firefighters' "injur[ies]."  (§ 1714.9, subd. (a)(1).)

After the presentation of evidence, the trial court instructed the jury with a modified version of the Judicial Council's California Jury Instruction No. 473 — "Assumption of Risk/Exception/Occupation Involving Inherent Risk" (instruction No. 473).  In relevant part, the court instructed the jury as follows:  "Stephen Rogness[] and Michael Rattary claim that they were harmed by Brian Favro while they were performing their job duties as firefighters/emergency medical personnel.  Brian Favro is not liable if . . . Rogness[] and Rattary's injuries arose from a risk inherent in the occupation of firefighter/emergency medical personnel. . . . Rogness[] and Rattary may recover, however, if they prove: [¶] (1) Brian Favro increased the risk to . . . Rogness[] and Rattary through conduct occurring after he knew or should have known of the presence of fire-fighters or emergency personnel."

3

In his closing argument, Favro's attorney quoted the jury instruction's reference to the "risk inherent in the occupation of firefighter" before turning his attention to "how [the firefighters] might recover": "And . . . number one is that Brian Favro increased the risk . . . . [¶] So it is recognized under the law that there are certain risks that are inherent, and one of those risks that are inherent, we heard from [testimony], is that patients will resist." "So if Mr. Favro is to be held liable, they must prove that his resistance was greater than what is inherent in the job of being a [rescuer]. [¶] In other words, his resistance must be beyond, the kind of resistance expectation that is to be expected in that job."

Then, after explaining the policy considerations underlying the firefighter's rule, Favro's attorney told jurors: "So the law seems to have a . . . reason as to why if it's a risk inherent in the job, something that's essential[] to the job, that is something expected in the job, then they cannot recover against Brian Favro or anyone. Unless — and here the law does provide protection for them. Unless they have proved that what they faced from the person they are suing was *beyond the risk that's inherent to their job*." (Italics added.)

After the firefighters' counsel objected to these statements, the trial court admonished the jury as follows: "I want to remind you one of the things I mentioned in the instruction is that the instructions tell you what the law is. The attorneys don't tell you what the law is. So if you hear an attorney say something that doesn't sound like what I read off, don't worry about it. [¶] The

4

guidance is found in the instructions, and in particular there's been a lot of talk about instruction [No.] 473 which concerns what we call assumption of the risks, and you might want to devote particular attention to that. [¶] Although, as I've said before, you need to look at all the instructions and consider them together."

Question 1 on the Special Verdict Form asked jurors: "Did Brian Favro increase the risks to . . . Rogness[] and Rattary through conduct occurring after he knew or should have known of the presence of the firefighters or emergency personnel?" The presiding juror marked, "No," thereby deciding the form's dispositive question in Favro's favor.

This appeal followed.

## DISCUSSION

According to the firefighters, what Favro's counsel "told the jury was an erroneous statement of law" that prejudiced the plaintiffs. We agree.

## I. The Firefighter's Rule and Section 1714.9, Subdivision (a)(1)

The firefighter's rule is "an example of the proper application of the doctrine of assumption of risk." (*Neighbarger v. Irwin Industries* (1994) 8 Cal.4th 532, 538.) That doctrine applies "when it is appropriate to find that the defendant owes no duty of care." (*Ibid.*) Thus, in "its most classic form, the firefighter's rule" provides that "a person who negligently has started a fire" is not "liable for an injury sustained by a firefighter who is summoned to fight the fire." (*Priebe v. Nelson* (2006) 39 Cal.4th 1112, 1122.) This is because "the party who negligently start[s]

5

the fire" has "*no legal duty to protect the firefighter from the very danger that the firefighter is employed to confront.*"  (*Ibid*.)

"The firefighter's rule, however, is hedged about with exceptions.  The firefighter does not assume every risk of his or her occupation.  [Citation.] The rule does not apply to conduct other than that which necessitated the summoning of the firefighter," for example.  (*Neighbarger, supra*, 8 Cal.4th at p. 538.)  The independent cause exception to the firefighter's rule, mentioned previously and discussed in *Favro, supra*, A150651, A150712, is well illustrated by *Donohue v. San Francisco Housing Authority* (1993) 16 Cal.App.4th 658, 660.  In *Donohue*, a "firefighter slipped on wet, slick stairs during a unannounced fire safety inspection." (*Terry v. Garcia* (2003) 109 Cal.App.4th 245, 251.)  Under those circumstances, "the court held the firefighter's rule did not bar the negligence action because the alleged negligence was not the reason for the firefighter's presence." (*Ibid*., citing *Donohue*, at p. 663.)

Section 1714.9, subdivision (a)(1) concerns liability to a firefighter for tortious "conduct . . . occur[ring] after the person knows or should have known of the presence of the . . . firefighter."  (§ 1714.9, subd. (a)(1).)  "Although most of the cases analyzing the effect of section 1714.9 treat it as stating an exception to the firefighter's rule (e.g. *Gibb v. Stetson* [(1988)] 199 Cal.App.3d 1008, 1014–1015), the Supreme Court has more accurately described the effect of the statute as reimposing 'a duty of ordinary care (see [Civ. Code,] § 1714), which would otherwise be abrogated by the firefighter's rule.' " (*Boon v.*

6

*Rivera* (2000) 80 Cal.App.4th 1322, 1330–31, quoting *Calatayud v. State of California* (1998) 18 Cal.4th 1057, 1068.)

Thus, whereas the independent cause exception to the firefighter's rule identifies the limit of the rule's reach, section 1714.9 sets forth circumstances that trigger the rule's suspension and the concomitant return of a defendant's ordinary duty of care. As a result, applying the independent cause exception may involve considering whether a defendant's conduct has increased the risk to a firefighter beyond the "risks inherent in performing" a particular "duty" (*Seibert Security Services, Inc. v. Superior Court* (1993) 18 Cal.App.4th 394, 411); by contrast, the increased risk contemplated when section 1714.9, subdivision (a)(1) applies is simply an "increase[d] . . . risk of injury," without further qualification. (*Id.* at p. 410.)

## II. Misstatement of the Law by Favro's Counsel

As Favro acknowledges, and irrespective of an attorney's intentions, it is misconduct for that attorney to misrepresent or misstate the law. (*Gotcher v. Metcalf* (1970) 6 Cal.App.3d 96, 100.) "As in criminal cases, misconduct by counsel in closing argument in civil cases can constitute prejudicial error entitling the aggrieved party to reversal of the judgment and a new trial." (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 802.) However, such relief is warranted only where "it is reasonably probable" that the appellant "would have achieved a more favorable result in the absence of that portion of [the] closing argument now challenged." (*Ibid.*)

7

Here, Favro's attorney misstated the law when he told jurors that Favro could not be held liable unless he had increased the risk to the firefighters "beyond the risk that's inherent to their job."[2] Section 1714.9, subdivision (a)(1) does not refer to the risks inherent to the firefighters' occupation, and neither does the portion of our opinion in *Favro, supra*, A150651, A150712 explaining the application of that statute to Favro's case. Nor is the "inherent risk" of being a firefighter invoked in the discussion of section 1714.9, subdivision (a)(1) in *Seibert, supra*, 18 Cal.App.5th at page 410, which explained that subdivision (a)(1) "applies only to conduct committed after the [firefighter] responds to a call for assistance, or while he is in the performance of his duties with respect to a specific incident, and such conduct increases the risk of injury to the [firefighter]." In other words, for subdivision (a)(1) to apply, the tortious conduct must increase a firefighter's risk of injury beyond the level of risk that would have attended those specific circumstances *but for that conduct*; contrary to the argument of Favro's counsel, the firefighters here were not required to establish that Favro's conduct increased the risk of injury beyond the level "inherent to [the firefighters'] job."

Favro argues that any error in his closing argument was cured by the trial court's subsequent admonition to the jury. We disagree. The error was compounded by that admonition.

---

[2] Notwithstanding this conclusion, we infer no ill intent on the part of Favro's counsel. As we explain below, his misstatement of the law was arguably a reasonable interpretation of the modified jury instruction he was then discussing.

8

As we have already explained, Favro's counsel misled the jurors by telling them that the question of Favro's liability depended on whether he increased the risk to the firefighters "beyond the risk that's inherent to their job." In response to this error, the trial court told jurors that "the instructions," not the attorneys, "tell you what the law is." He further advised jurors "to devote particular attention" to "instruction [No. ]473 which concerns what we call assumption of the risks." And he reminded the jury "to look at all the instructions and consider them together."

The problem with this admonition is that instruction No. 473 is more confusing than clarifying. As given here, that instruction sets forth the firefighter's rule, telling jurors that "Brian Favro is not liable if . . . Rogness[] and Rattary's injuries arose from a risk inherent in the occupation of firefighter/emergency medical personnel." However, it also allows "Rogness[] and Rattary [to] recover . . . if they prove: [¶] (1) Brian Favro increased the risk to . . . Rogness[] and Rattary through conduct occurring after he knew or should have known of the presence of fire-fighters or emergency personnel."

There is an apparent tension between the instruction's two references to risk. On the one hand, the jurors were instructed that there can be no liability for injuries arising from "a risk inherent in the [plaintiffs'] occupation"; on the other, they were told that liability may be found for injuries arising from conduct that "increased the risk to" plaintiffs. One way of reading the instruction is to conclude that these provisions contradict each

9

other. In this "contradictory" reading, plaintiffs cannot recover if the risks they faced were inherent to their occupation, but they *can* recover if Favro, after he knew or should have known of plaintiffs' presence, engaged in conduct that increased the risk (even if such increased risk is inherent to plaintiffs' occupation).

A more natural way of reading the instruction — especially for jurors who have been advised to "look at all the instructions and consider them together" — is to harmonize the two propositions. In this "coherent" reading, plaintiffs cannot recover if the risks they faced were inherent to their occupation, but they can recover if defendant's conduct increased the risk beyond the level inherent to plaintiffs' occupation. Not only does the coherent reading avoid contradiction; it also resonates with the closing argument of Favro's counsel. Moreover, under the coherent reading, both times the word "risk" is used, it is connected to the same concept: risk inherent in the occupation. In contrast, under the contradictory reading, "risk" refers in one sentence to risk inherent in the occupation, and in the next sentence to risk in general, irrespective of plaintiffs' occupation.

It is exceedingly likely that a jury who had heard the closing argument of Favro's counsel, heeded the trial court's purportedly curative admonition, and then read instruction No. 473, would adopt the coherent — albeit legally incorrect — reading and therefore believe that Favro could not be held liable unless his conduct increased the risk to the firefighters beyond the level of risk inherent to their occupation. As a result, the jury probably misunderstood the law governing the case.

10

The closing argument of Favro's counsel, along with the trial court's admonition and the misleading text of instruction No. 473, thus effectively raised the firefighters' burden of proof beyond the requirements of section 1714.9, subdivision (a)(1). On the verdict form, the only finding made by the jury was that Favro had not "increase[d] the risks" — the very phrase that was given an erroneous meaning by Favro's counsel and the ambiguous jury instructions. And for at least one plaintiff, a hung jury was already within reach.[3] For those reasons, "it is reasonably probable" that the firefighters "would have achieved a more favorable result in the absence of" the error. (*Cassim v. Allstate Ins. Co.*, *supra*, 33 Cal.4th at p. 802.)

Finally, we reject Favro's contention that the firefighters have failed "to provide a record that adequately addresses the issues the court has been asked to review." "Failure to provide an adequate record concerning an issue challenged on appeal requires that the issue be resolved against the appellants." (*Eureka Citizens for Responsible Government v. City of Eureka* (2007) 147 Cal.App.4th 357, 366.) Here, the dispositive issue concerned the jury instructions, the closing argument of Favro's counsel and the trial court's subsequent admonition, all of which are documented in the record on appeal. Accordingly, we deem the record adequate for review.

---

[3] In his brief, Favro refers twice to a "9-3" verdict, but when the trial court polled the jury, the vote in Favro's favor was 10-2 as to Rattary and 12-0 as to Rogness.

11

## DISPOSITION

The judgment is reversed, and the matter is remanded for a new trial.  Plaintiffs shall recover their costs on appeal.


BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.


*Rattary et al. v. Favro et al.* (A164441)

12

Trial Court:       Contra Costa County Superior Court

Trial Judge:       Hon. Edward G. Weil

Counsel:           Walker Hamilton & Kearns, LLP, Walter H. Walker, III, Jeffrey S. Walker for Plaintiffs and Appellants.

                   Stratman & Williams-Abrego, John D. Hourihan; Hayes, Scott, Bonino, Ellingson, Guslani, Simonson & Clause, LLP, Mark G. Bonino Defendant and Respondent.